A91A1170. IN THE INTEREST OF S. E. M., a child.
(411 SE2d 350)

COOPER, Judge.

On December 31, 1990, appellant, a juvenile, was arrested and detained for obstruction of a law enforcement officer, possession of a firearm while attempting to commit a crime and public drunkenness in connection with an incident which occurred on that date. A detention hearing was held on January 2, 1991, and appellant was ordered detained until the final adjudicatory hearing; however, a petition on the charges was not filed until January 7, 1991 (File # 91-0001). After further investigation of the incident, the State took steps to bring additional charges against appellant arising out of the same incident. On January 3, 1991, a separate complaint was drawn charging appellant with the additional offenses of escape, two counts of aggravated assault and possession of a firearm while attempting to commit a crime. This complaint states that the date of appellant's detention on these charges was January 3, 1991, although the record reflects that appellant remained in custody continually from his arrest on December 31, 1990. A detention hearing on the new charges was held on January 7, 1991, wherein the court found reasonable cause and again ordered appellant's detention. The petition on the second set of charges (File # 91-0051) was filed on January 7, 1991, with File # 91-0001. An adjudicatory hearing was held on both petitions, wherein appellant moved to dismiss File # 91-0001 because the petition was not filed within 72 hours of the January 2 detention hearing pursuant to OCGA § 15-11-21 (e) and File # 91-0051 because the State failed to hold a detention hearing on the charges within 72 hours of appellant's detention on December 31, 1990, as required by OCGA § 15-11-21 (c). The court granted the motion as to the first petition and ultimately adjudicated appellant delinquent as to three of the offenses in File # 91-0051. Appellant appeals the trial court's refusal to dismiss the second petition, File # 91-0051.

1. Appellant contends the trial court erred in denying his motion to dismiss based on the State's failure to hold a detention hearing on the charges in File # 91-0051 within 72 hours of his detention. The State maintained in the trial court that although appellant had actually been detained since December 31, 1990, for the charges enumer-

ated in File # 91-0001, appellant underwent a second "intake" on January 3, 1991, which marked the beginning of his detention on the additional charges in File # 91-0051. Thus, the detention hearing on January 7, 1991, complied with the 72-hour requirement of OCGA § 15-11-21 (c), as the 72 hours actually expired over a weekend, and January 7, 1991, was the Monday following the weekend. Appellant argues that the second "intake" was a fiction and was not a "re-detention"; that he was detained continuously from December 31, 1990; that the additional charges could have and should have been brought by January 2, 1991; and therefore, that his week-long detention on the charges in File # 91-0051 without a hearing until January 7, 1991, was unlawful.

OCGA § 15-11-21 (c) and (e) refer to two critical periods in the prosecution of a juvenile, subsection (c) referring to the 72-hour period between initial detention and the detention hearing, and subsection (e) addressing itself to the 72 hours between the detention hearing and filing of the petition formally setting forth the charges against the juvenile. Appellant's contentions with regard to File # 91-0051 fall within subsection (c); however, in *In re B. A. P.*, 180 Ga. App. 433 (1) (349 SE2d 218) (1986), we considered the similar question of whether within 72 hours of a detention hearing the State must bring forth charges on all crimes and offenses a juvenile may have committed up to that date or forever waive them. We concluded that if the initial charge upon which the juvenile was detained was properly petitioned within 72 hours and he was then lawfully detained, the State could prosecute for any offenses it uncovered in the meantime. In the instant case, the trial court dismissed the initial charges for which appellant was detained, File # 91-0001, upon a finding that the filing of that petition on January 7, 1991, exceeded the 72 hours required in subsection (e), although it appears that the State could have argued that because the 72 hours expired on Saturday, January 5, 1991, that filing on January 7, 1991 was not untimely. Nevertheless, on January 3, 1991, when the complaint on File # 91-0051 was drawn on the offenses discovered subsequent to the initial complaint, appellant was in lawful detention, since a detention hearing had been held on January 2, 1991, and the 72-hour period following that hearing did not expire until January 5. Consequently, the State was authorized to bring the additional charges, and thereafter the detention hearing on January 7, 1991 on File # 91-0051 constituted compliance with OCGA § 15-11-21 (c). Accordingly, the trial court did not err in refusing to dismiss File # 91-0051.

2. In his second enumeration of error, relying on *R. A. S. v. State of Ga.*, 156 Ga. App. 366 (274 SE2d 752) (1980), appellant contends that File # 91-0051 contained some of the same allegations as File # 91-0001 which was dismissed by the trial court and that the court

erred in not also dismissing File # 91-0051. In *R. A. S.*, supra, three of the four allegations in a second delinquency petition were previously charged in an initial complaint whereupon there was no detention hearing in violation of OCGA § 15-11-21 (c). However, while the offenses charged in both File # 91-0001 and File # 91-0051 arose from the same incident, they referred to different offenses committed against two victims and were not the same. This enumeration is without merit.

3. Appellant's contention that he was illegally detained at the time the additional charges were brought due to the expiration of the 72 hours on File # 91-0001, as enumerated in his third enumeration of error, was addressed in Division 1 of this opinion. This contention is also without merit.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 9, 1991.

*Steven M. Reilly*, for appellant.
*Phyllis Miller, Solicitor*, for appellee.