### 23207.   McCRANIE v. MULLIS, Sheriff.

Cook, Justice.   At the time the appeal was filed in this court the detention of the appellant was pursuant to the order of three justices of the peace in a committal hearing, charging him with murder and binding him over to the superior court, and was not the detention alleged to be illegal in the habeas corpus petition.   The questions made in the appeal from the judgment in the habeas corpus case are therefore moot.   Compare *Carter v. Gabrels,* 136 Ga. 177 (71 SE 3); *Cohen v. Harmon,* 208 Ga. 381 (67 SE2d 110).

*Appeal dismissed.   All the Justices concur.*

ARGUED NOVEMBER 9, 1965—DECIDED JANUARY 6, 1966.

*Milton Harrison,* for appellant.

*Albert D. Mullis, Solicitor General, Will Ed Smith,* for appellee.

Thomas McCranie brought his petition for habeas corpus against Lewis Mullis, Sheriff and jailer of Dodge County, alleging that his detention is in violation of due process of law under the Constitution, Art. I, Sec. I, Par. III (*Code Ann.* § 2-103), and in violation of Ga. L. 1956, pp. 796-797 (*Code Ann.* §§ 27-210 and 27-212).   Error is assigned on the judgment of the trial judge which ordered that the petitioner "be released and discharged from the confines of Dodge County jail, if a commitment hearing is not held within twenty-four hours."

Pursuant to Section 10 (f) of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 25; *Code Ann.* § 6-805 (f)), the trial judge directed that a supplemental record be sent to this court. This record shows that a commitment hearing was held within twenty-four hours of the judgment complained of, before three justices of the peace; that the petitioner was bound over to the Superior Court of Dodge County on the charge of murder; and

618

that he is now confined pursuant to the judgment on the commitment hearing.