S93A1372. L. A. E., a child v. DAVIS et al.
(435 SE2d 216)

CLARKE, Chief Justice.

Petitioner L. A. E. is a juvenile. He was arrested and charged with a capital felony on Saturday, March 20, 1993. On Tuesday, March 23, the juvenile court conducted a detention hearing within the 72-hour period required by OCGA § 15-11-21 (c), and concluded that there existed probable cause to detain petitioner. OCGA § 15-11-18. On March 24, 1993, petitioner's counsel filed this application for habeas corpus, alleging that OCGA § 15-11-21 (c), which requires a probable cause hearing in a juvenile case to be conducted within 72 hours, was unconstitutional under the authority of *County of Riverside v. McLaughlin*, 500 U. S. ____ (111 SC 1661, 114 LE2d 49) (1991). In *County of Riverside* the U. S. Supreme Court held "that a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the

promptness requirement" of *Gerstein v. Pugh,* 420 U. S. 103 (95 SC 854, 43 LE2d 54) (1975) and the Fourth Amendment to the U. S. Constitution. 111 SC at 1670.

The habeas court denied the petition, concluding that *County of Riverside* does not apply here because "the state's interest in promoting the welfare of the child as *parens patriae* makes a juvenile proceeding fundamentally different from an adult criminal proceeding."

We find it unnecessary to decide whether the requirements of *Riverside* are applicable to a case involving a juvenile. Because petitioner did not file his petition for habeas corpus until after a probable cause determination had been made, the issue of whether this determination was timely is moot. *County of Riverside,* supra, 111 SC at 1667;* *McCranie v. Mullis,* 221 Ga. 617 (146 SE2d 723) (1966).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 12, 1993 —
RECONSIDERATION DENIED OCTOBER 28, 1993.

*Mark R. Pollard,* for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Rebecca A. Keel, Assistant District Attorneys,* for appellees.

---

* In *County of Riverside* the U. S. Supreme Court noted that the claims of the named petitioners were moot because the petitioners had either received probable cause determinations or been released. However, the Court held that because the claims in that case had been certified as a class action, "the termination of a class representative's claim does not moot the claims of the unnamed members of the class." Id.