Bell, Chief Judge.
A detention hearing was held in this case on June 3, 1976. In addition to ordering the continuance of the detention, June 15, 1976, was set as the date for defendant’s adjudicatory hearing. No objection was made to this hearing date by defendant, who was represented by counsel. On the next day the petition alleging delinquency was filed. At the commencement of the adjudicatory hearing on June 15,1976, and more than 10 days after the filing of the petition, defendant moved to dismiss for lack of jurisdiction because of the failure to *185 comply with Code § 24A-1701 (a), which requires that "(a) After the petition has been filed the court shall fix a time for hearing thereon, which, if the child is in detention, shall not be later than 10 days after the filing of the petition. . The motion was denied. Held:
Submitted January 18, 1977
Decided February 3, 1977.
Edward C. Stone, for appellant.
Don F. DeFoor, Solicitor, for appellee.
The time limits set forth in the Juvenile Court Code are jurisdictional and the adjudicatory hearing must be set for a time not later than that prescribed by statute. Sanchez v. Walker County Dept. of Family &c. Services, 237 Ga. 406, 408 (229 SE2d 66). This procedural requirement may be waived. Sanchez, supra. Here the state argues that a waiver occurred when no objection was made by defendant when the adjudicatory hearing date was set at the detention hearing on June 3, 1976. However, this setting of the hearing for June 15, 1976, was made prior to the filing of the petition. Code § 24A-1701 (a) explicitly provides that an adjudicatory hearing shall be fixed after the petition has been filed. The setting of a hearing date on a then nonexistent petition alleging delinquency was nugatory and of no effect. There was no waiver. It was error to deny the motion to dismiss. We reverse and direct the court to grant the motion.

Judgment reversed with direction.

McMurray and Smith, JJ., concur.