## 60549. R.A.S. v. STATE OF GEORGIA.

SHULMAN, Judge.

A petition alleging various acts of delinquency by appellant was dismissed on appellant's motion because of a lack of compliance with the requirement in Code Ann. § 24A-1404 (c) that an informal detention hearing be held within 72 hours of the detention of a juvenile. However, on that same day the state filed a second petition alleging four acts of delinquency, three of which had been alleged in the first petition. On the authority of *Sanchez v. Walker County Dept. of Family &c. Services,* 237 Ga. 406 (229 SE2d 66), the juvenile court denied appellant's motion to dismiss the second petition. After hearing evidence, the juvenile court concluded that appellant was delinquent. Appellant's sole enumeration of error is that the juvenile

court erred in denying the motion to dismiss the second petition. We agree with appellant and reverse the judgment of the lower court.

The basis for appellant's argument, and the reason we reverse, is this court's holding in *J. B. H. v. State of Ga.,* 139 Ga. App. 199, 203 (228 SE2d 189): "[W]e hold that time limits established by the General Assembly in the Juvenile Court Code are jurisdictional and must be strictly adhered to.

"As Chief Justice Burger observed in Strunk v. United States, 412 U. S. 434, the only available remedy for one denied his constitutional right to a speedy trial is dismissal. Accordingly, the juvenile court judge here erred in overruling the motion to dismiss."

Although that decision expressly excluded from its scope the provision here involved (the requirement that an informal detention hearing be held within 72 hours of the child's detention), we find the same considerations applicable. It is clear from the record that the juvenile court also recognized that a failure to comply with the time periods set out in the Juvenile Court Code required dismissal. However, the lower court was convinced by the state's argument that *Sanchez,* supra, applied and permitted the charges against appellant to be brought again. The portion of the holding in that case on which the trial court relied reads as follows: "We, therefore, hold that the notice and hearing requirements of §§ 24A-1404 (c) and 24A-1402 (a) are mandatory and must be adhered to in order for the juvenile court to proceed with the adjudicatory hearing. These procedural safeguards are easily followed. If, for some reason they are not, dismissal of the petition would be without prejudice. Another petition can be filed without delay if there is reason to believe the child is being neglected or abused." Id., p. 411.

As appellant points out in his brief, there is no reason to believe that appellant is being neglected or abused. In addition, we find the context in which *Sanchez* was decided so different from that of the instant case that the quoted holding is not applicable. *Sanchez* deals with a proceeding instituted to determine whether the child needed protection from its parents. This case, on the other hand, involves a proceeding which could result in the child's loss of freedom. Under these circumstances, the safeguarding of the child's procedural rights take on the same importance that procedural due process has in an adult criminal proceeding context. To permit the state to hold a child in detention, as was done here, and then to impose no sanction for a blatant disregard of rules established to provide procedural due process, would rob those rules of meaning. That we refuse to do.

We hold, therefore, that the adjudication that appellant is delinquent, based as it was on a petition which contained some of the same allegations as a petition properly dismissed for failure to

comply with the jurisdictional time limitations of Code Ann. § 24A-1404 (c), must be reversed.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 16, 1980 — DECIDED NOVEMBER 7, 1980.

*Joseph J. Anthony,* for appellant.
*Marc Acree, Assistant District Attorney,* for appellee.