Quillian, Presiding Judge.
This is an appeal from a juvenile court order finding that appellant, a 16-year-old male, committed the designated felony act of aggravated assault and is delinquent, and imposing restrictive custody in accordance with OCGA § 15-11-37 (e) (Code Ann. § 24A-2302a). Held:
1. Error is enumerated because the juvenile court permitted the sister of the victim of the assault to be present in the court room during the hearing on that offense, contrary to the statement in OCGA § 15-11-28 (c) (Code Ann. § 24A-1801) that the general public *375 shall be excluded from such hearings.
The victim was a 23-year-old man who had lost nearly all vision in one eye as a result of being struck in the head with a baseball bat by appellant. His sister, who was his only relative in the state, apparently had taken him to the hospital after the assault.
OCGA § 15-11-28 (c) (Code Ann. § 24A-1801) also provides that “persons accompanying a party for his assistance, and any other persons as the court finds have a proper interest in the proceedings... may be admitted by the court.” A provision similar to this has been found to vest in the juvenile court judge “a broad discretion which this court has no right to control unless it is manifestly abused by him.” Land v. State, 101 Ga. App. 448, 449 (114 SE2d 165).
We find no reasonable possibility of harm to appellant arising from the sister’s presence and, under the circumstances presented, that the juvenile court did not abuse its discretion in permitting her to be present.
2. There is no merit in appellant’s complaint that the court erred in allowing uncertified and unauthenticated medical reports of the assault victim in evidence at the disposition hearing, as they were admissible under OCGA § 15-11-33 (d) (Code Ann. § 24A-2201).
“Code § 24A-2201 (b) [now OCGA § 15-11-33 (c)] provides: ‘If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent or unruly, it shall proceed immediately or at a later time to conduct a dispositional hearing for the purpose of hearing evidence as to whether the child is in need of treatment, rehabilitation, or supervision and to make and file its findings thereon . . .’ ‘The Juvenile Court Code requires separate trials with each having a different goal. The first or adjudicatory process in a delinquency case is a full scale fact-finding hearing to determine if the child committed the act with which he is charged and whether that constitutes delinquency.’ [Cit.] During this adjudicatory phase, the rules of evidence generally prevail. In the second (dispositional) phase, the court hears virtually all evidence which is material and relevant to the issue of disposition. The judge can ‘explore all additional avenues, including psychiatric and sociological studies, which would enable him to provide a solution for the youngster and his family aimed at making the child a secure law-abiding member of society.’ [Cit.] ‘In dispositional hearings ... all information helpful in determining the questions presented, including oral and written reports, may be received by the court and relied upon to the extent of its probative value even though not otherwise competent in the hearing on the petition.’ Code § 24A-2201 (d) [now OCGA § 15-11-33 (d)].” J. B. v. State, 139 Ga. App. 545 (3), 546-7 (228 SE2d 712). (Emphasis *376 omitted.)
3. Appellant asserts that the court erred in requiring the payment of restitution because there was no mention or adjudication of monetary damages in the adjudication hearing.
OCGA § 17-14-5 (Code Ann. § 27-3005) authorizes juvenile courts to order restitution as a condition of probation subject to OCGA § 42-8-35 (Code Ann. § 27-2711), which permits courts to order that the probationer shall“[m]ake reparation or restitution to any aggrieved person for the damage or loss caused by his offense, in an amount to be determined by the court. Unless otherwise provided by law, no reparation or restitution to any aggrieved person for the damage or loss caused by his offense shall be made if the amount is in dispute unless the same has been adjudicated.”
As the amount of medical expenses of the victim was undisputed based on the uncontradicted testimony of the victim in the disposition hearing, there was no error in ordering restitution. Payne v. State, 138 Ga. App. 358 (266 SE2d 152), cited by appellant, is inapposite as the damages therein were in dispute and unadjudicated.
4. It is contended that the court erred in imposing restrictive custody on appellant for commission of a designated felony act because all five of the criteria set forth in OCGA § 15-11-37 (c) (Code Ann. § 24A-2302a) had not been met; and in using other offenses which were not in evidence except as hearsay and had not been brought to appellant’s attention when the case was called for trial in accordance with OCGA § 17-10-2 (Code Ann. § 27-2503) as matters to be used in aggravation of disposition.
“ ‘Designated felony act’ means an act which, if done by an adult, would be one or more of the following crimes: . . . (B) Aggravated assault . . .” OCGA § 15-11-37 (a) (Code Ann. § 24A-2301a).
“Where a juvenile is found to have committed a designated felony act, the order of disposition (after hearing) shall include a finding ... as to whether . . . the juvenile does or does not require restrictive custody . . .” Id. at (b).
“In determining whether restrictive custody is required, the court shall consider: (1) The needs and best interests of the juvenile; (2) The record and background of the juvenile; (3) The nature and circumstances of the offense, including whether any injury involved was inflicted by the juvenile or another participant; (4) The need for protection of the community; and (5) The age and physical condition of the victim.” Id. at (c).
The juvenile court made factual findings as to each of the five foregoing criteria. The evidence of record fully supports the court’s findings as to all of the criteria except criterion 2. On criterion 2 the *377 court stated that the record and background of appellant indicated that he had been adjudicated a delinquent 10 times over the past 4 years on various charges. This statement was not correct as the evidence shows that there was no formal adjudication on 3 of the offenses. We find this error harmless, however, as under OCGA § 15-11-37 (Code Ann. §§ 24A-2301a, 24A-2302a) appellant could have received restrictive custody for the designated felony act of aggravated assault alone, and certainly with consideration of his extensive record. Moreover, under OCGA § 15-11-33 (d) (Code Ann. § 24A-2201), as we have shown in Division 2, the juvenile court in disposition hearings may receive and consider “all information helpful in determining the questions presented,... to the extent of its probative value even though not otherwise competent in the hearing on the petition.”
Invoking the provisions of OCGA § 17-10-2 (Code Ann. § 27-2503), appellant argues that the juvenile court could not properly consider his prior record in aggravation of disposition because it had not been presented to him prior to trial; in other words, that the rule as to felony sentencing of adults should be applied in juvenile courts. We do not agree.
Appellant made no objection when his prior record was presented in aggravation. Thus, assuming OCGA § 17-10-2 (Code Ann. § 27-2503) is applicable to juvenile disposition hearings, it “ ‘does not apply where the evidence (in aggravation) had been brought out without objection during the trial’... ‘If no objection is made at the pre-sentence hearing, a subsequent review by this court of that phase is eliminated.’ [Cits.] ” Moss v. State, 159 Ga. App. 317, 319 (283 SE2d 275).
Moreover, we find that § 17-10-2 (Code Ann. § 27-2503) is not applicable to juvenile disposition hearings as the General Assembly has not made it so. To the contrary, OCGA § 15-11-33 (a) (Code Ann. § 24A-2201) as we have shown twice above, authorizes in dispositional hearings the receipt and consideration of all helpful information to the extent of its probative value even though not otherwise competent evidence in a hearing on criminal responsibility.
5. The general grounds are asserted. The court was adjudicating a charge of criminal trespass as well as aggravated assault by striking the victim in the head with a baseball bat. In both instances, the testimony was in conflict and the fact finder was required to determine which testimony was credible. Our examination of the evidence shows that it was sufficient to authorize the juvenile court’s findings beyond a reasonable doubt.

Judgment affirmed.

Sognier and Pope, JJ., concur.

*378 Decided July 8, 1983.
Charles W. Smith, Jr., for appellant.
William S. Hardman, Solicitor, for appellee.