172 Ga. App. 820 (1984)
324 S.E.2d 781
P. L. A.
v.
STATE OF GEORGIA.
68948.
Court of Appeals of Georgia.
Decided December 3, 1984.
Dale C. Ray, Jr., Martin G. Cox, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, George J. Robinson, Jr., Assistant District Attorneys, for appellee.
CARLEY, Judge.
P. L. A. appeals from the juvenile court's order finding that he committed the offenses of armed robbery, aggravated assault with intent to rob, simple assault, criminal trespass, and carrying a deadly weapon at a public gathering, and adjudicating him to be a delinquent.
1. Appellant asserts that the trial court erred in denying his motion to dismiss the petition charging him with the commission of various delinquent acts. The contention is that the petition was not filed with the juvenile court within 72 hours of appellant's detention hearing, which, he asserts, was a violation of OCGA § 15-11-21 (e). The *821 "`time limits established by the General Assembly in the Juvenile Court Code are jurisdictional and must be strictly adhered to . .. . [T]he only available remedy for one denied his constitutional right to a speedy trial is dismissal . . . .'" R. A. S. v. State, 156 Ga. App. 366, 367 (274 SE2d 752) (1980).
It is undisputed that appellant's detention hearing was held on September 30, 1983. A petition alleging delinquent conduct by appellant was drawn on October 3, 1983. See OCGA § 15-11-24. That petition was received by the Chief Deputy Clerk and Calendar Clerk of Fulton County Juvenile Court on October 3, 1983. The evidence is in conflict as to when the petition was actually filed. The record shows that the petition was stamped "filed" on October 7, 1983. However, in his affidavit, the Chief Deputy Clerk stated that "[t]he case was assigned and logged in on October 3, 1983. Summons setting a hearing for October 13, 1983 was issued early on October 4, 1983, and the complete file was taken to [the Clerk of the Juvenile Court] for appointment of a public defender. [The judge] issued an order appointing the [p]ublic [d]efender on October 4, 1983." Appellant asserts that even if the petition was actually filed on October 4, 1983, when "the complete file was taken" to the clerk of the court, rather than on October 7, 1983, which was the date stamped on the petition, there was still no compliance with the 72-hour deadline.
Contrary to appellant's contention, OCGA § 15-11-21 (e) does not provide that the petition must be "filed" with the court. Instead, OCGA § 15-11-21 (e) provides that "[i]f the child is not so released, a petition under Code Section 15-11-25 shall be made and presented to the court within 72 hours of the detention hearing." (Emphasis supplied.) Statutes must be given their plain and logical meaning. See Continental Ins. Co. v. Echols, 145 Ga. App. 112, 113 (243 SE2d 88) (1978). The phrase, "made and presented to the court," when given its plain and logical meaning, does not require that the petition be "filed." If the legislature had intended to require that the petition be "filed" within 72 hours, it could have employed that word. See OCGA § 15-11-26 (a). Instead, the clear intent of the legislature was to allow a broader and less formal action than filing to be taken within the specified time limit. "Laws should be construed so as to give effect to the intention of the legislature." Barton v. Atkinson, 228 Ga. 733 (187 SE2d 835) (1972).
Accordingly, we hold that when the Chief Deputy Clerk and Calendar Clerk received the petition at issue and "logged" it in, it was "presented to the court" within the meaning of OCGA § 15-11-21 (e). Since the petition was received within 72 hours after appellant's detention hearing, the requirement of the statute was met, and the trial court correctly denied appellant's motion to dismiss.
2. Appellant also contends that the juvenile court erred in failing *822 to dismiss the petition because the adjudicatory hearing was not held within ten days after the filing of the petition, as he asserts was required by OCGA § 15-11-26 (a). However, appellant's contention was decided adversely to him in J. B. v. State, 171 Ga. App. 373 (319 SE2d 465) (1984). "[T]he statute require[s] only that a hearing date be set within ten days and that was done." (Emphasis supplied.) J. B. v. State, supra at 375. See also Brown v. Fulton County Dept. of Family &c. Services, 136 Ga. App. 308 (1) (220 SE2d 790) (1975).
Judgment affirmed. Birdsong, P. J., concurs. Beasley, J., concurs specially.
BEASLEY, Judge, concurring specially.
As to Division 2 of the majority opinion, I would not leave any room for the argument that the court's holding meant that so long as the juvenile court entered a date-setting order within 10 days, the statutory limitation would be satisfied. The intent of the statute is that the hearing be held within 10 days after the petition has been filed, if the child is in detention. Otherwise the court loses jurisdiction.[1] Naturally, in order to give notice to all parties who must be assembled for that hearing, the court would have to, in advance of the hearing, fix a date. Thus it goes without saying that the fixing of the date must also be within that 10-day period.
However, this is not to say that the requirement is rigid and that the hearing must in all cases be held as scheduled within that 10-day period. A continuance may be granted in the sound legal discretion of the court. Brown v. Fulton County Dept. of Family &c. Services, 136 Ga. App. 308, 309 (1) (220 SE2d 790) (1975); J. B. v. State, 171 Ga. App. 373 (319 SE2d 465) (1984). Of course, the rescheduling cannot be arbitrary but must be for a good reason, as the court must keep in mind the objective of holding the hearing quickly, within 10 days.
Here, the hearing was originally set on October 4 for October 13, the 10th day after the petition was filed. Then on October 5, "Upon the Court finding it necessary to continue said hearing, good cause being shown, . . ." the court ordered the scheduled hearing to be continued to October 19.
*823 Appellant has not shown an abuse of discretion or that there was not good cause for the re-setting. Thus there was no error in failing to dismiss the petition for failure to comply with OCGA § 15-11-26 (a).
NOTES
[1] Irvin v. Dept. of Human Resources, 159 Ga. App. 101, 102 (2) (282 SE2d 664) (1981).