72431. IN RE B. A. P.
(349 SE2d 218)

BIRDSONG, Presiding Judge.

B. A. P., a juvenile, was arrested January 7, 1986, for one incident of burglary and on January 8 was ordered detained. A petition on this count (Count II) and three additional counts was not filed until January 14, thus exceeding the time limits of 72 hours from the detention hearing to petition, as mandated by OCGA § 15-11-21 (e). The adjudication hearing on the petition of four counts of burglary was held January 17. On that same date, the State filed another petition reciting that on January 15, another person implicated B. A. P. in an additional (fifth) burglary charged in this second petition. The State's investigations of all the burglaries had apparently continued after B. A. P. was detained for the first burglary. Upon the juvenile's motion to dismiss both petitions for failure to file the petitions within 72 hours of the January 8 detention hearing, the trial court dismissed Count II of the first petition because the late detention hearing had related only to that count, but not the other counts of the first petition and not the second petition.

B. A. P. appeals the trial court's refusal to dismiss Counts I, III, and IV of the first petition and the count alleged in the second petition. The State appeals the dismissal of Count II of the first petition. *Held:*

1. Implicit in the trial court's refusal to dismiss the remaining counts of the first petition and the second petition is the conclusion that a juvenile in detention on one charge can be petitioned with, and tried for, other offenses outside or after 72 hours after the detention hearing for that first charge.

As the trial court saw it, after a juvenile has been detained on one charge, where there has been a continuing investigation and more evidence received the State may make petitions for additional of-

fenses although the juvenile was detained at a hearing more than 72 hours previously. In other words, the State is not required, within 72 hours of a detention hearing for any cause, to petition against the juvenile for all crimes and offenses he may have committed up to that date, whether known or unknown, or forever waive them. With the principle stated thusly, we cannot disagree.

However, the charge upon which B. A. P. was detained, Count II of the first petition, was lost because the State did not present a petition upon it within 72 hours of the detention hearing; this requirement is jurisdictional and the only remedy for its failure is to dismiss the charge. *R. A. S. v. State of Ga.*, 156 Ga. App. 366 (274 SE2d 752). See also *P. L. A. v. State of Ga.*, 172 Ga. App. 820, 821 (324 SE2d 781).

Thus, when the petition on Count II had not been presented within 72 hours of the detention hearing on January 8, the juvenile could not be prosecuted for it. And as there was then no charge left pending, the juvenile should have been released. The State was not at liberty to hold the juvenile until it developed evidence of other crimes or discovered the juvenile had committed other crimes. If the charge upon which he had been detained was properly petitioned within 72 hours *and he was then lawfully detained*, we have no doubt the State could have prosecuted him at the subsequent adjudicatory hearing within ten days (OCGA § 15-11-26 (a)) for any offenses it uncovered in the meantime, including one upon a petition filed the day of the adjudicatory hearing. See *P. D. v. State of Ga.*, 154 Ga. App. 732, 734 (270 SE2d 1). But since the State neglected to present, within 72 hours of the detention hearing, a petition on the charge for which B. A. P. was detained, there was no legal justification to keep him detained. We can only conclude that the continued detention of B. A. P. after the court clearly had lost jurisdiction to hear Count II, was on the behalf of these other charges. As to these, the appellant juvenile was held in detention *without a detention hearing* from January 11 (the day the court lost jurisdiction of the only offense for which appellant was originally detained) until January 17, the date of the adjudication hearing.

The provisions for detention and prosecution of a juvenile are mandatory; and a failure to comply with them does prejudice or injure the due process rights of the juvenile. See *Sanchez v. Walker County DFACS*, 237 Ga. 406, 410 (229 SE2d 66). In this case, the juvenile was prosecuted upon charges while being illegally detained. "To permit the State to hold a child in detention, as was done here, and then to impose no sanction for a blatant disregard of rules established to provide procedural due process, would rob those rules of meaning." *R. A. S.*, supra, p. 367. "[T]here must be scrupulous adherence to due process requirements in juvenile court proceedings." *C. L.*

*T. v. State of Ga.*, 157 Ga. App. 180 (276 SE2d 862). The trial court erred in failing to dismiss these charges. See *R. A. S.*, supra.

2. As to Count II, which the trial court did dismiss, the State on cross-appeal contends the error in failing to present a petition on this count within 72 hours of the detention hearing (OCGA § 15-11-21 (e)) was harmless because the juvenile nevertheless received a hearing within 13 days of the detention hearing (72 hours plus 10 days; January 8 to January 17) in accordance with the intent of the statute. The State contends this court has approved that theory because we considered it in the case of *J. B. H. v. State of Ga.*, 139 Ga. App. 199, 201 (228 SE2d 189), and ruled in favor of it. However, we did not even impliedly approve that theory in the *J. B. H.* case. In that case the juvenile suggested that OCGA §§ 15-11-21 (c) (1); and 15-11-26 (a) construed together evince a legislative intent that a child be adjudicated within 13 days after the detention hearing. Why the juvenile in that case made such an unnecessary argument is unclear, since he very plainly had been deprived of his right to have a detention hearing within 72 hours of his detainment (OCGA § 15-11-21 (c) (1)); and was moreover deprived of the right to have a petition presented within 72 hours of the detention hearing. OCGA § 15-11-21 (c). In *J. B. H.*, we stated appellant's contention but obviously found it unnecessary to rule upon it. It is without merit.

The statute very clearly mandates that a petition be presented within 72 hours of a detention hearing (OCGA § 15-11-21 (e)) and this was not done in this case. The State cannot thus illegally detain the child and then render such a jurisdictional defect (*R. A. S.*, supra) harmless by setting the adjudication hearing within thirteen days of the detention hearing. The trial court did not err in dismissing Count II of the first petition.

*Judgment affirmed in part and reversed in part. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 5, 1986 —
REHEARING DISMISSED SEPTEMBER 30, 1986.

*Robert L. Waller*, for appellant.
*Michael Greene, Solicitor*, for appellee.