A93A2604. IN THE INTEREST OF L. T. W., a child.
(439 SE2d 716)

BLACKBURN, Judge.

The juvenile court determined that appellant, a juvenile charged with three counts of armed robbery and one count of theft by receiving stolen property, should be tried as an adult. Appellant appeals this determination.

1. In his first enumeration of error, appellant asserts that dismissal of the action was demanded as the juvenile court failed to fix a hearing within ten days of the filing of the petitions as required by OCGA § 15-11-26 (a). "However, this court has previously ruled that OCGA § 15-11-26 (a) requires merely that a hearing date be set

within 10 days of the filing of the petition and not that the hearing itself be conducted within that period. [Cits.]" *Johnson v. State*, 183 Ga. App. 168, 169 (358 SE2d 313) (1987). Two petitions were filed against appellant; petition no. 93-0803 was filed on January 29, 1993, and petition no. 93-1467 was filed on March 10, 1993. A process and summons was issued on January 28, 1993, setting a hearing for February 4, 1993, with respect to case no. 93-0803 against appellant. A process and summons was issued on March 10, 1993, setting a hearing for March 17, 1993, with respect to case no. 93-1467 against appellant. Therefore, the juvenile court complied with OCGA § 15-11-26 (a), in that hearing dates were not only fixed within ten days of the filing of the petitions, but the hearings themselves were to be held within that time frame. Furthermore, the continuances obtained from the hearing dates were proper. See *Johnson*, supra.

2. In his second enumeration of error, appellant contends that the juvenile court failed to balance his interest in treatment in the juvenile system against the community's interest in treating him as an adult. We do not agree. After a hearing which lasted several days, the juvenile court determined that reasonable grounds existed to believe that "1) the child committed the delinquent acts alleged; 2) the child is not committable to an institution for the mentally retarded or mentally ill; 3) the interests of the community required that the child be placed under legal restraint or discipline; and by fact that the child committed the alleged offenses, by use of a pistol, same being an offense weapon." The juvenile court determination was based on evidence of the crimes charged, appellant's prior record of offenses, appellant's violation of his probation, and the mental evaluation of appellant. Even appellant's psychologist testified that appellant needed to "take the consequences of his behavior." In *State v. M. M.*, 259 Ga. 637, 638 (386 SE2d 35) (1989), the Supreme Court noted "that the present transfer statute now requires a juvenile court to determine, in its discretion, whether there are reasonable grounds to believe that: 'The interests of the child and the community require that the child be placed under legal restraint and the transfer be made.' OCGA § 15-11-39 (a) (3) (C)." In the present case, the juvenile court properly balanced the interests of appellant and the community in its determination to transfer jurisdiction to the superior court.

3. In his third enumeration of error, appellant contends that the transfer hearing did not comply with the standards of due process and fair treatment. Appellant argues several separate violations of due process.

(a) Appellant asserts that the juvenile court's denial of his motion to sever was erroneous. Appellant's arguments with regard to this issue were not presented to the juvenile court; therefore, we are presented with nothing for decision. *Peters v. State*, 206 Ga. App.

143, 145 (424 SE2d 372) (1992). Furthermore, our review of the record indicates that the juvenile court's denial of appellant's motion to sever was not erroneous as the facts presented clearly distinguished between the crimes charged individually and those which implicated more than one defendant.

(b) Appellant next contends that the trial court's ruling regarding cross-examination of the State's witnesses was erroneous. It is uncontroverted that most of the State's witnesses were able to identify only one or two of the defendants as the perpetrators of the specific crime of which the witness was a victim. The trial court ruled that each of the four defendants' counsel could cross-examine each of the State's witnesses only where there was some nexus between the witness and the specific defendant which that counsel represented. Essentially, appellant was merely required to show the relevancy of the cross-examination of witnesses which did not identify or implicate him as a perpetrator of a crime. Appellant failed to request cross-examination of any witness which did not identify him as a perpetrator of a crime. Furthermore, appellant never attempted to show a nexus between himself and the witnesses which did not identify or implicate him. Therefore, appellant failed to preserve any error for appeal.

(c) Appellant complains that the juvenile court erroneously allowed Detective Currence to testify as to the victims' statements he received during his investigation. However, the hearsay statements explained Detective Currence's conduct during his investigation and in arresting the defendants. Therefore, they were properly admitted. *Carson v. State*, 208 Ga. App. 534 (4) (431 SE2d 156) (1993).

(d) Appellant's assertion that evidence of the photographic line-up was inadmissible because appellant's picture was taken without the consent of a judge, in violation of OCGA § 15-11-60 (f), is without merit. Detective Currence obtained an order allowing the photographic line-up. Furthermore, the victim's in-court identifications render any error harmless.

(e) Appellant next contends that the trial court erred in denying his motion to dismiss petition no. 93-1467. In his motion to dismiss, appellant argued that no probable cause hearing was held with respect to one of the charges of armed robbery in violation of OCGA § 15-11-23. OCGA § 15-11-23 requires that a court-authorized person determine and endorse upon the petition that it is in the best interest of the public and the child. Petition no. 93-1467 contained the proper endorsement. Furthermore, the subsequent charges of armed robbery were brought as part of a continuing scheme.

Appellant's remaining arguments on this issue were not presented to the juvenile court and will not be addressed. See *Peters*, supra.

(f) Appellant next asserts that the trial court erred in failing to

allow his counsel to withdraw. However, it is undisputed that the potential conflict upon which appellant's counsel's motion to withdraw was based did not arise. Therefore, as there was no conflict, the trial court did not err in denying the motion to withdraw.

(g) "OCGA § 15-11-39 (a) (3) 'requires only that the court find that there are "reasonable grounds to believe" that the child committed the act alleged, not "proof beyond a reasonable doubt" as is required for a conviction. [Cit.]' In re K. S. J., 258 Ga. 52, 53 (1) (365 SE2d 820) (1988)." In the Interest of R. J., 191 Ga. App. 712, 713-714 (382 SE2d 671) (1989). Therefore, appellant's contention that no rational trier of fact could have found that he committed the offense of armed robbery is without merit. Furthermore, our review of the record indicates that the juvenile court's findings were based on reasonable grounds.

(h) Appellant contends that a comment made by the juvenile court judge during a hearing on separate charges against appellant indicated that the court had a preconceived disposition toward appellant on the present case. However, in the present case, the juvenile court commented during the transfer hearing that there would be time to resolve an issue "before this is either tried here or in adult court." Appellant's allegation is wholly without merit.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 3, 1993 —
RECONSIDERATION DISMISSED DECEMBER 16, 1993.

*Mark R. Pollard*, for appellant.
*Lewis R. Slaton, District Attorney, Sally Butler, Carl P. Greenberg, Assistant District Attorneys*, for appellee.