A94A0409. IN THE INTEREST OF L. A. E., a child.
(447 SE2d 627)

JOHNSON, Judge.

L. A. E., a juvenile, was arrested for allegedly shooting and killing another juvenile. A petition charging L. A. E. with murder was filed in the juvenile court on March 24, 1993, and an arraignment was scheduled for March 30, 1993. At the arraignment hearing, the state moved for a continuance on the ground that it needed more time to investigate whether to seek a transfer of the case to superior court. Over L. A. E.'s objection, the court granted the motion. Although it does not appear that the court rescheduled the arraignment, the court did schedule a transfer hearing for May 6, 1993. Prior to the transfer hearing, L. A. E. filed a motion to dismiss the petition because he was still in detention and the adjudicatory hearing had not been set within ten days of the filing of the petition as required by OCGA § 15-11-26 (a). The court denied that motion, finding that OCGA § 15-11-26 (a) had been complied with because the arraignment hearing had been set within the ten-day limit. Thereafter, at the May 6 hearing, the court denied the state's request to transfer the case to superior court. The adjudicatory hearing was held on June 25, 1993,

and the court found L. A. E. to be delinquent on the murder charge. L. A. E. appeals.

1. L. A. E. contends that the juvenile court erred in denying his motion to dismiss the petition because no adjudicatory hearing was set within ten days of the filing of the petition. "OCGA § 15-11-26 (a) specifies that the court shall fix a date for an *adjudicatory* hearing on a petition alleging delinquency not later than 10 days from the date of the filing of the petition." (Emphasis supplied.) *Johnson v. State*, 183 Ga. App. 168, 169 (2) (358 SE2d 313) (1987); see also *J. T. G. v. State of Ga.*, 141 Ga. App. 184, 185 (233 SE2d 40) (1977). While the adjudicatory hearing itself need not be conducted within ten days of the filing of the petition, the hearing date must be set within that period. *In the Interest of L. T. W.*, 211 Ga. App. 441, 442 (1) (439 SE2d 716) (1993). "[I]f a hearing is set within the statutory time limit, the court may in its discretion grant a continuance." (Citation and punctuation omitted.) *In re J. B.*, 183 Ga. App. 229 (2) (358 SE2d 620) (1987); *Johnson v. State*, supra at 169 (2). In the instant case, although L. A. E. was in detention, the juvenile court failed to set a date for an adjudicatory hearing within ten days of the filing of the petition; rather, the court merely scheduled an arraignment hearing within that time limit.[1]

"The arraignment hearing is an optional formal hearing which may be conducted in conjunction with the detention hearing or in a separate hearing. The purpose of the arraignment hearing is to formally advise the child of his rights to counsel, to remain silent and to a hearing before the judge; to advise him of the allegations as they are stated in the petition; and to offer the child an opportunity to enter an admission or a denial to the charges against him." Uniform Juvenile Court Rule 10.1. On the other hand, "[t]he purpose of the adjudicatory hearing is to determine if the allegations contained in the petition are true." Uniform Juvenile Court Rule 11.1. See *C. P. v. State*, 167 Ga. App. 374, 375 (2) (306 SE2d 688) (1983). Because of the different purposes for arraignment and adjudicatory hearings, the time limits established by OCGA § 15-11-26 (a) cannot be met by substituting an arraignment for an adjudicatory hearing. "Time limits established by the General Assembly in the Juvenile Court Code are

---

[1] The premise of the dissent is that "[t]he hearing that was *set* 'not . . . later than ten days,' as required by OCGA § 15-11-26 (a), was the adjudicatory hearing." This premise is contrary to the evidence in the record, which shows that the hearing scheduled within ten days of the filing of the petition was an arraignment. At the hearing held on March 30, the judge, the prosecutor and the juvenile's attorney all refer to the hearing as the arraignment; none of them refer to it as the adjudicatory hearing. In the order granting the state's motion for a continuance, the judge wrote that the case "came on for a[n] Arraignment hearing on March 30, 1993." Moreover, a review of the transcript of the hearing reveals that the court and the parties did not intend to reach the merits of the case at that time.

jurisdictional and must be strictly adhered to." *Crews v. Brantley County Dept. of Family &c. Svcs.*, 146 Ga. App. 408, 409 (1) (246 SE2d 426) (1978); *J. T. G. v. State of Ga.*, supra at 185. Here, the juvenile court did not strictly adhere to the ten-day time limit and denied L. A. E. his right to a speedy trial by failing to schedule an adjudicatory hearing until three months after the petition was filed. The only available remedy for one denied his right to a speedy trial is dismissal. *R. A. S. v. State of Ga.*, 156 Ga. App. 366, 367 (274 SE2d 752) (1980). The trial court erred in denying L. A. E.'s motion to dismiss the petition.

2. In light of our holding in Division 1, we need not address L. A. E.'s other enumeration of error.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Andrews, Smith, JJ., and Senior Appellate Judge Harold R. Banke concur. Blackburn, J., concurs specially. Pope, C. J., and Beasley, P. J., dissent.*

BLACKBURN, Judge, concurring specially.

I concur specially with Judge Johnson. I agree with the majority that an arraignment and an adjudicatory hearing are not the same and that an arraignment, rather than an adjudicatory hearing, was scheduled by the summons and process in the present case. The dissent fails to acknowledge that the summons and process used herein are form documents that are used to command the appearance of anyone listed to a court appearance of any kind. In the present case, all counsel and the judge referred to the hearing as an arraignment. The judge's order further reflects that he was continuing the arraignment. As opposed to the summons and process forms, the form order used to continue the arraignment required that the type of hearing be listed in the space provided. Here, the judge designated that an arraignment was being continued. The merits of the case were not scheduled to be heard on March 30, 1993. The evidence in the record indicates that those present at the hearing were all in agreement that it was an arraignment that was scheduled to occur.

OCGA § 15-11-26 (a) provides that "[a]fter the petition has been filed the court shall fix a time for hearing thereon, which, if the child is in detention, shall not be later than ten days after the filing of the petition. In the event the child is not in detention, the court shall fix a time for hearing thereon which shall be not later than 60 days from the date of the filing of the petition." The statute really provides no meaningful protection for the child if it merely requires the *scheduling* of the hearing within ten days. The actual date of the hearing could be several months in the future. It is the limitation on the time that the hearing is *held*, not when it is *scheduled*, that provides a safeguard for the subject child. If the statute was intended to relate

only to the *scheduling* and not to the *conduct of* the hearing, why would an additional 50 days be allowed for such an act when the defendant is not in detention, as the detention itself is not a factor in the accomplishment of that task? It is apparent to me that in factual situations such as the one presented herein, the defendant's civil liberties are at stake and the statute must be strictly construed. *Crews v. Brantley County Dept. of Family &c. Svcs.*, 146 Ga. App. 408, 409 (246 SE2d 426) (1978); *J. B. H. v. State of Ga.*, 139 Ga. App. 199, 203 (228 SE2d 189) (1976). The adjudicatory hearing, once timely scheduled, can be continued in the discretion of the trial court in a proper case.

In several cases, we have incorrectly stated "that OCGA § 15-11-26 (a) requires merely that a hearing date be set within ten days of the filing of the petition and not that the hearing itself be conducted within that period." *In the Interest of L. T. W.*, 211 Ga. App. 441, 442 (439 SE2d 716) (1993). See also *Johnson v. State*, 183 Ga. App. 168, 169 (358 SE2d 313) (1987); and *P. L. A. v. State*, 172 Ga. App. 820, 822 (324 SE2d 781) (1984) (Beasley, J., concurring specially). I would disapprove of that statement in those cases, however, it is not necessary to overrule them because in each of those cases, the date of the hearing was originally set for a date within ten days of the filing of the petition. Id. While the result of the cited cases was correct, the analysis of OCGA § 15-11-26 (a) was not. In *Brown v. Fulton County Dept. of Family &c. Svcs.*, 136 Ga. App. 308 (1) (220 SE2d 790) (1975) the hearing was originally set for a date not more than ten days after the petition was filed, however, the hearing was continued due to the absence of necessary witnesses. Id. We determined that "the time for the hearing must be set for a time not later than 10 days after the petition [was] filed." Id. at 309. We held that the grant of the continuance was proper and, as the original hearing date was scheduled for a time within ten days from the filing of the petition, the mandates of OCGA § 15-11-26 (a) had been satisfied. Id. In *J. B. v. State of Ga.*, 171 Ga. App. 373 (2) (319 SE2d 465) (1984), the date for the hearing was originally set for eight days from the date the petition was filed. Id. Thereafter, a continuance was granted, and the hearing was held at a later time. Id. Our opinion in *J. B.* did not address the issue before us in this case.

In *J. B. H. v. State of Ga.*, supra, we determined that the trial court erred in overruling J. B. H.'s motion to dismiss as the delinquency petition was not filed within 72 hours of the delinquency hearing and the adjudicatory hearing was not set for a date within ten days of the filing of the petition. In *Crews*, supra, the petition was filed and the *scheduling* of the hearing occurred on November 23, 1975. The hearing date was set for December 5, 1975, 12 days after the petition was filed. We determined that the trial court erred in

*failing* to dismiss the petition as the hearing was untimely held. 146 Ga. App. at 409. In *Irvin v. Dept. of Human Resources*, 159 Ga. App. 101, 102 (282 SE2d 664) (1981), the hearing date was set for a date beyond ten days from the filing of the petition and we reversed the trial court's denial of Irvin's motion to dismiss. In *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406, 408 (229 SE2d 66) (1976), the Georgia Supreme Court acknowledged that the hearing date must be set for a date within ten days from the filing of the petition, but did not reverse on that issue as Sanchez had failed to preserve his objection at the trial court.

"*In re Gault*, 387 U. S. 1 (87 SC 1428, 18 LE2d 527) [(1967)] required that in appropriate situations the same constitutional standards apply to juveniles as to adults. In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) [(1972)] the Supreme Court adopted a four-factor test for adjudging whether or not the constitutional right to a speedy trial has been violated. These four factors apply to adult criminal defendants in Georgia. See *Sanders v. State*, 132 Ga. App. 580, 582 (208 SE2d 597) [(1974)] and cits. We note, however, that in *Barker v. Wingo*, Mr. Justice Powell observed at page 523 that 'The States, of course, are free to prescribe a reasonable period consistent with constitutional standards. . . .' Our interpretation of these words from the *Barker* decision is that where a legislative body has defined the right to speedy trial in terms of days, then the time limits must be strictly complied with. . . . Accordingly, we hold that time limits established by the General Assembly in the Juvenile Court Code are jurisdictional and must be strictly adhered to."

"As Chief Justice Burger observed in *Strunk v. United States*, 412 U. S. 434 [(93 SC 2260, 37 LE2d 56) (1973)] the only available remedy for one denied his constitutional right to a speedy trial is dismissal. Accordingly, the juvenile court judge here erred in overruling the motion to dismiss." *J. B. H. v. State of Ga.*, supra at 202-203.

OCGA § 15-11-26 (a) is the equivalent of a statutorily provided speedy trial demand which does not require a specific demand by the child. The trial court does however have discretion to properly grant a continuance of a hearing set for a date within ten days from the filing of the petition, see *In re J. B.*, 183 Ga. App. 229 (2) (358 SE2d 620) (1987), thus protecting both parties from participating in a hearing before they are properly prepared. Finally, if the case is transferred to the superior court within ten days of the petition being filed, the juvenile court rules no longer apply and the ten-day limitation need not be met. Therefore, the statute protects the interests of both the child and the State. Due to properly granted continuances granted by the trial court, the actual hearing did not take place within the prescribed ten days. Id. The present case is distinguishable in that the adjudicatory hearing was not originally set for a date within the ten-day limi-

tation, but only an arraignment was so scheduled.

The occasions on which an adjudicatory hearing can be held outside the ten-day limitation are limited to situations in which a continuation is properly granted by the judge of a timely adjudicatory hearing or where the judge transfers the case to superior court.

BEASLEY, Presiding Judge, dissenting.

I respectfully dissent.

The record shows that a complaint was filed in the juvenile court on March 22 by the police officer who took the child into custody, detailing the offense of March 20. OCGA § 15-11-17 (a) (2) or (3). The child was detained at the child treatment center.

The next day, March 23, a pre-petition detention hearing pursuant to OCGA § 15-11-21 (c) (1) was held and the court found that probable cause existed to suspect that the child had committed murder and violated probation. The court recommended that a petition issue and that the child continue to be detained because it found present the first two conditions of the four alternative conditions authorized by OCGA § 15-11-18. The public defender, who represented the child at the hearing, was appointed to continue.

A petition alleging murder (OCGA § 16-5-1) and probation violation (OCGA § 15-11-42 (b)) was filed on March 24, pursuant to OCGA §§ 15-11-23 to 15-11-25. On that date also, copy of the summons and process and service of the same was filed, showing that a hearing was set by the court on March 23, to be held on March 30. The summons required the child and his mother to appear "to make defense" to the petition and "to show cause why the said child . . . should not be dealt with according to the provisions of the law." It expressly required them "to be present at a formal hearing in the Juvenile Court" and to remain in attendance as the case "may be continued, and until discharged by the court." This conformed to OCGA § 15-11-26 (a) and (b). At the same time, the child and his mother were served with notice that before the hearing on the merits of the petition, and at the same time and place designated for the hearing noticed in the summons, the court would consider transfer to the adult criminal court, as authorized under OCGA § 15-11-39. The hearing referred to was the adjudication hearing because it notified the parent and child to be prepared to "make defense" and "show cause," as stated above.

The court did hold a hearing on March 30 but did not reach the merits of the petition. From the tenor of what transpired, it appears that by the time the hearing actually commenced, neither side expected to reach adjudication that day. The court considered a motion by the local newspaper for access to the proceedings and ruled that they would be open except for any dispositional hearing, for which

the movant would have to make another request. The public defender announced that he was "ready to proceed with arraignment" even though this type optional formal hearing had not been set in motion as contemplated by UJCR 10. The State asked for a continuance of the hearing to garner additional information so it could decide whether to seek a transfer to the superior court. The child's attorney objected. A constitutional issue with respect to OCGA § 15-11-21 (c) (1), raised by the child's attorney regarding the timeliness of the probable cause hearing, was aired. The court rejected the challenge and ruled that "the child will be detained pending further hearings." The court refused to set a bond because of the seriousness of the offense and the child's prior record. It acceded to the State's request for a continuance of the proceeding and set it for May 6. There was no objection to the continuance.

On May 6 the question of transfer was considered, and the court ruled that the child would be tried as a juvenile, in that court. The adjudicatory hearing transpired on June 25, the court found the child to be delinquent as alleged, and disposition was made on July 2.

Appellant has styled the hearing of March 30 as an "arraignment hearing" as contemplated by UJCR 10.1 et seq. He contends that such is insufficient to satisfy the mandate of OCGA § 15-11-26 (a), which as interpreted by the appellate courts requires that within ten days of the petition's filing, the court must set an adjudicatory hearing. It is true that such a hearing must be set. *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406 (229 SE2d 66) (1976); *J. T. G. v. State of Ga.*, 141 Ga. App. 184 (233 SE2d 40) (1977); *Johnson v. State*, 183 Ga. App. 168 (2) (358 SE2d 313) (1987).

In this case, there was no optional arraignment hearing of the nature and purpose contemplated by UJCR 10.1. That is not what was set by the summons or by the notice. The hearing that was *set* "not . . . later than ten days," as required by OCGA § 15-11-26 (a), was the adjudicatory hearing. This the court recognized in denying appellant's motion to dismiss the petition, which motion had urged this ground. The summons supports the court's ruling. The formal order of continuance, entered pursuant to OCGA § 15-11-28 (a), refers to "Arraignment" hearing in a typed-in space on the form. However, the transcript of that hearing, the court's ruling on appellant's motion to dismiss, and the wording of the summons, all demonstrate that the characterization was a misnomer. No arraignment occurred.

Not only was hearing on the petition *set* within ten days, it was *commenced* within ten days and one preliminary matter was decided and another postponed. It is not required that the adjudicatory hearing be *held* within ten days. *Johnson*, supra at 169, and cases cited therein. The statute requires only that hearing on the petition be set to be held within ten days after the petition is filed. As noted in

*Johnson*, "a continuance may be granted in the sound discretion of the trial court." See also *In re J. B.*, 183 Ga. App. 229 (2) (358 SE2d 620) (1987); *In the Interest of L. T. W.*, 211 Ga. App. 441 (1) (439 SE2d 716) (1993); UJCR 11.3.

That is precisely what transpired here, and it is no wonder. It would be extraordinary for a case of the magnitude of murder to be readied for trial within ten days of the filing of the petition. In fact, the hearing began on the tenth day after the *offense*. As in *L. T. W.*, supra, "hearing dates were not only fixed within ten days of the filing of the petitions, but the hearings themselves were to be held within that time frame." To meet the requirements of OCGA § 15-11-26 (a), it was not necessary to actually hold the adjudicatory hearing within ten days; proper continuances may be, and were, granted.

The court dealt with this case expeditiously and within the requirements of the law. The continuances did not constitute an abuse of discretion, considering that the wisdom of transfer was one of the preliminary questions. See OCGA § 15-11-39.

Inasmuch as there was no error in this regard, and the other alleged error was not one, the judgment of the juvenile court should be affirmed.

I am authorized to state that Chief Judge Pope joins in this dissent.

DECIDED JUNE 22, 1994 —
RECONSIDERATION DENIED JULY 29, 1994 — ▮▮▮▮▮▮▮

*Mark R. Pollard*, for appellant.

*Lewis R. Slaton, District Attorney, Sally A. Butler, Carl P. Greenberg, Assistant District Attorneys*, for appellee.