A94A0262. IN THE INTEREST OF M. D. C., a child.
(447 SE2d 143)

BLACKBURN, Judge.

M. D. C., a juvenile, was charged with the commission of the delinquent act of burglary. A petition alleging the commission of delinquent acts and a violation of probation was filed August 5, 1993. The adjudicatory hearing was scheduled to be held August 17, 1993. M. D. C. moved to dismiss the petition as the hearing date was not set for a date within ten days of the filing of the petition. The trial court denied the motion to dismiss and adjudicated M. D. C. delinquent. M. D. C. appeals the trial court's adjudication and disposition of the juvenile delinquency petition.

On appeal, M. D. C. asserts that the trial court's determination that OCGA § 15-11-26 (a) required only that a hearing date be set within ten days, regardless of the date of the hearing was in error. We agree and reverse.

OCGA § 15-11-26 (a) provides that "[a]fter the petition has been filed the court shall fix a time for hearing thereon, which, if the child is in detention, shall not be later than ten days after the filing of the petition. In the event the child is not in detention, the court shall fix a time for hearing thereon which shall be not later than 60 days from the date of the filing of the petition."

In *Brown v. Fulton County Dept. of Family &c. Svcs.*, 136 Ga. App. 308 (1) (220 SE2d 790) (1975), the hearing was originally set for a date not more than ten days after the petition was filed, however, the hearing was continued due to the absence of necessary witnesses. Id. We determined that "the time for the hearing must be set for a time not later than 10 days after the petition [was] filed." Id. at 309. We held that the grant of the continuance was proper and, as the original hearing date was scheduled for a time within ten days from the filing of the petition, the mandates of OCGA § 15-11-26 (a) had

---

[3] *Ultramares Corp. v. Touche*, 255 N. Y. 170, 180 (174 NE 441) (1931) (Cardozo, J.).

been satisfied. Id. In *J. B. v. State*, 171 Ga. App. 373 (2) (319 SE2d 465) (1984), the date for the hearing was originally set for eight days from the date the petition was filed. Id. Thereafter, a continuance was granted, and the hearing was held at a later time. Id. Our opinion in *J. B.* did not address the issue before us in this case.

In *J. B. H. v. State of Ga.*, 139 Ga. App. 199, 203 (228 SE2d 189) (1976), we determined that the trial court erred in overruling J. B. H.'s motion to dismiss as the delinquency petition was not filed within 72 hours of the delinquency hearing and the adjudicatory hearing was not set for a date within ten days of the filing of the petition. In *Crews v. Brantley County Dept. of Family &c. Svcs.*, 146 Ga. App. 408, 409 (246 SE2d 426) (1978), a case factually similar to the present case, we determined that the trial court erred in *failing* to dismiss the petition as the hearing date was set for a date 12 days after the petition was filed. 146 Ga. App. at 409. In *Irvin v. Dept. of Human Resources*, 159 Ga. App. 101, 102 (282 SE2d 664) (1981), the hearing date was set for a date beyond ten days from the filing of the petition and we reversed the trial court's denial of Irvin's motion to dismiss. In *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406, 408 (229 SE2d 66) (1976), the Georgia Supreme Court acknowledged that the hearing date must be set for a date within ten days from the filing of the petition, but did not reverse on that issue as Sanchez had failed to preserve his objection at the trial court.

In Judge Beasley's special concurrence in *P. L. A. v. State*, 172 Ga. App. 820, 822 (324 SE2d 781) (1984), she wrote, "I would not leave any room for the argument that . . . so long as the juvenile court entered a date-setting order within 10 days, the statutory limitation would be satisfied. The intent of the statute is that the hearing be held within 10 days after the petition has been filed, if the child is in detention. Otherwise the court loses jurisdiction. Naturally, in order to give notice to all parties who must be assembled for that hearing, the court would have to, in advance of the hearing, fix a date. Thus it goes without saying that the fixing of the date must also be within that 10-day period. However, this is not to say that the requirement is rigid and that the hearing must in all cases be held as scheduled within that 10-day period. A continuance may be granted in the sound legal discretion of the court. Of course, the rescheduling cannot be arbitrary but must be for a good reason, as the court must keep in mind the objective of holding the hearing quickly, within 10 days." (Citations, punctuation, and footnote omitted.)

In several cases, we have stated "that OCGA § 15-11-26 (a) requires merely that a hearing date be set within ten days of the filing of the petition and not that the hearing itself be conducted within that period." *In the Interest of L. T. W.*, 211 Ga. App. 441, 442 (439 SE2d 716) (1993). See also *Johnson v. State*, 183 Ga. App. 168, 169

(358 SE2d 313) (1987). This is an incomplete statement of the law. However, it is not necessary to overrule these cases because in each of them, the date of the hearing was originally set for a date within ten days of the filing of the petition. Id. Due to properly granted continuances, the actual hearings did not take place within the prescribed ten days. Id. The present case is distinguishable in that the date of the hearing was not originally set for a date within the ten-day limitation, but rather was scheduled for a hearing twelve days from the filing of the petition.

"*In re Gault*, 387 U. S. 1 (87 SC 1428, 18 LE2d 527) [(1967)] required that in appropriate situations the same constitutional standards apply to juveniles as to adults. In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) [(1972)] the Supreme Court adopted a four-factor test for adjudging whether or not the constitutional right to a speedy trial has been violated. These four factors apply to adult criminal defendants in Georgia. See *Sanders v. State*, 132 Ga. App. 580, 582 (208 SE2d 597) [(1974)] and cits. We note, however, that in *Barker v. Wingo*, Mr. Justice Powell observed at page 523 that 'The States, of course, are free to prescribe a reasonable period consistent with constitutional standards . . .' Our interpretation of these words from the *Barker* decision is that where a legislative body has defined the right to speedy trial in terms of days, then the time limits must be strictly complied with. . . . Accordingly, we hold that time limits established by the General Assembly in the Juvenile Court Code are jurisdictional and must be strictly adhered to.

"As Chief Justice Burger observed in *Strunk v. United States*, 412 U. S. 434 [(93 SC 2260, 37 LE2d 56) (1973)] the only available remedy for one denied his constitutional right to a speedy trial is dismissal. Accordingly, the juvenile court judge here erred in overruling the motion to dismiss." *J. B. H. v. State of Ga.*, supra at 202-203.

OCGA § 15-11-26 (a) is the equivalent of a statutorily provided speedy trial demand which does not require a specific demand by the child. However, its protections can be waived if not properly raised. See *Sanchez*, supra. Furthermore, the trial court has discretion to grant a continuance of a hearing properly set for a date within ten days from the filing of the petition, see *In re J. B.*, 183 Ga. App. 229 (2) (358 SE2d 620) (1987), thus protecting both parties from participating in a hearing before they are properly prepared. Finally, if the case is transferred to the superior court within ten days of the petition being filed, the juvenile court rules no longer apply and the ten-day limitation need not be met. Therefore, the statute protects the interest of both the child and the State.

The statute provides no meaningful protection for the child if it merely requires the *scheduling* of the hearing within ten days. The actual date of the hearing could be several months in the future. It is

the limitation on the time that the hearing is *held*, not when it is *scheduled*, that provides a safeguard for the subject child. If the statute was intended to relate only to the *scheduling* and not to the *conduct of* the hearing, the additional 50 days allowed for such an act when the defendant is not in detention would be unnecessary. In factual situations such as the one presented herein, the defendant's civil liberties are at stake and the statute must be strictly construed. "Time limits established by the General Assembly in the Juvenile Court Code are jurisdictional and must be strictly adhered to." *Crews*, supra at 409. Therefore, the trial court erred in denying M. D. C.'s motion to dismiss.

*Judgment reversed. Pope, P. J., Beasley, P. J., Andrews, Johnson, Smith, JJ., and Senior Appellate Judge Harold R. Banke concur. McMurray, P. J., and Birdsong, P. J., dissent.*

BIRDSONG, Presiding Judge, dissenting.

A decision should be overruled to the extent that it states the wrong law, even if the result was appropriate under the facts. We may find facts to mitigate bad law, but if the statement of the law is never overruled, the courts must use all sorts of contortions to get around it. It is not enough to say a wrong statement is "incomplete," or that a case can be distinguished from it, for it will cause trouble when its language is quoted out of context. This is inevitable. When due process rights are at stake, the danger of mistake is too great to shrug off our responsibility to correct the law.

OCGA § 15-11-26 (a) requires that the court shall fix "a time for hearing . . . which . . . shall not be later than ten days after the filing of the petition." Of course a valid continuance may be granted, as many cases have held. In this case the petition was filed August 5, 1993, at which time the hearing was scheduled to be held August 17, 1993. Thus, within ten days of the filing of the petition, the juvenile court fixed a hearing date, but that hearing date was not set to be *held* within ten days of the filing of the petition. The question of continuance does not arise, so those cases approving a hearing held after ten days because a valid continuance was granted or no objection was made, have no application to this case.

The only reason the trial court held these proceedings met the requirements of OCGA § 15-11-26 (a) "and those cases decided thereunder" is that it thought all it had to do within ten days was "fix." It got this idea from cases which made the loose remark that a hearing does not have to be "held" within ten days but need only be "set" within ten days; but the cases which made that loose remark were cases where hearings were set to be *held* within the ten days but were properly continued. The trial court's confusion is understandable, because as the majority points out, the special concurrence in *P. L. A. v.*

*State*, 172 Ga. App. 820, 822 (324 SE2d 781) perceived the same confusion and tried to clarify it by saying, "the court would have to, in advance of the hearing, fix a date. Thus it goes without saying that the fixing of the date must also be within that 10-day period."

This clarification was not enough, nor is the "justifying" by the majority. As long as we have cases, not overruled, which say the statute " 'require(s) only that a hearing date *be set* within ten days' " (see *P. L. A.*, supra at 822 (physical precedent) citing *J. B. v. State*, 171 Ga. App. 373, 375 (319 SE2d 465)), the courts below will remain confused, with the result we see here: a delinquency petition must be dismissed because the trial court "set" within ten days a hearing date which was not to be "held" within ten days. This is a serious problem which we should not overlook or excuse merely because the cases which caused it can be distinguished.

This court should overrule those cases which state wrong principles of law; the statements cannot be justified as "incomplete" where they give the wrong direction, as acknowledged in the special concurrence in *P. L. A.*, and as proved in this case. The correct statement of law is that the court must set a hearing to be held within ten days of the filing of the petition, but if valid continuances have been granted, or no objection made, dismissal of the petition is not necessarily required. Any other statement of law gives the wrong direction to the trial court and results in confusion, and ultimately, delinquency petitions will be dismissed.

I respectfully dissent.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

## DECIDED JULY 15, 1994.

*Fuller & McFarland, Thomas R. McFarland, Cecilia M. Cooper*, for appellant.

*John R. Parks, District Attorney, Henry O. Jones III, Assistant District Attorney*, for appellee.