A94A2482. IN THE INTEREST OF R. O. B., a child.
(453 SE2d 776)

ANDREWS, Judge.

R. O. B. was adjudicated delinquent, found in need of treatment and rehabilitation, and placed on probation. On appeal he contends the juvenile court erred in denying his motion to dismiss the delinquency petition because an adjudicatory hearing was not held or set to be held within 60 days from the date of the filing of the petition.

Under OCGA § 15-11-26 (a), if the child is not in detention, "the court shall fix a time for hearing [on the petition] which shall be not later than 60 days from the date of the filing of the petition." It is undisputed that the petition alleging delinquency was filed on December 13, 1993; that R. O. B. was not held in detention; that R. O. B. was arraigned on December 17, 1993; that on February 22, 1994, an adjudicatory hearing was set for March 4, 1994, and that the adjudicatory hearing on the petition was held on March 4, 1994.

Prior to the adjudicatory hearing, R. O. B. moved for dismissal of the petition on the basis that the juvenile court failed to comply with the 60-day time requirement of OCGA § 15-11-26 (a). The juvenile court denied the motion ruling that R. O. B.'s arraignment on December 17 satisfied the requirement of OCGA § 15-11-26 (a) that a hearing be held within 60 days of the filing of the petition.

OCGA § 15-11-26 (a) requires that the juvenile court fix a time

for an adjudicatory hearing on a petition alleging delinquency not later than 60 days from the date the petition was filed. *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406, 408 (229 SE2d 66) (1976); see *Johnson v. State*, 183 Ga. App. 168, 169 (358 SE2d 313) (1987). "While the adjudicatory hearing itself need not be conducted within [60] days of the filing of the petition, the hearing date must be set within that period. [Cit.]" *In the Interest of L. A. E.*, 214 Ga. App. 268, 269 (447 SE2d 627) (1994). An arraignment hearing scheduled within the 60-day time period is not sufficient to satisfy the requirement that an adjudicatory hearing must be set within that period. See id. at 269.

Since an adjudicatory hearing was not held, nor was a hearing date set for an adjudicatory hearing, within 60 days from the date the petition was filed, and the 60-day time limit is jurisdictional and must be strictly observed, the juvenile court erred by denying R. O. B.'s motion to dismiss the petition. See id. at 269-270.

*Judgment reversed. Johnson, J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur. This case differs from the circumstances in *In the Interest of L. A. E.*, 214 Ga. App. 268 (447 SE2d 627) (1994), because an arraignment was scheduled in this case for four days after the petition was filed, the child and his mother were summoned expressly for arraignment, and an arraignment was held, all as provided by Rule 10, Uniform Juvenile Court Rules, and particularly subsection 10.1. The purposes of an arraignment were met, as demonstrated by the signatures of the 16-year-old child and his mother on the acknowledgment of rights form and on the entry of his admission to the underage possession of alcohol and his denial of the charges of battery and pointing a gun at another. The fact that what had transpired at that time was an arraignment was confirmed at the subsequent adjudicatory hearing, for which the child and both his parents were summoned to show cause. The witnesses were also summoned for that March 4 date.

In the case involving L. A. E., the record demonstrated to my satisfaction that the first matter set was not an arraignment but an adjudicatory hearing, that the child and his mother were summoned to make defense and to show cause why the child should not be dealt with according to the law, that an arraignment was not held, and that preliminary matters to the actual adjudication required a continuance to be afforded.

The difficulties of meeting the *statutory* time requirements of OCGA § 15-11-26 (a) when a *judicially*-created arraignment is inserted into the proceedings were not present in *In the Interest of M.*

*D. C.*, 214 Ga. App. 59 (447 SE2d 143) (1994), because the court omitted the optional formal arraignment. Dismissal of the petition against the child was mandated because "the hearing was not originally set for a date within the ten-day limitation" for the detained child. Id. at 61.

It is notable that if, at the arraignment on December 17, the adjudicatory hearing had been set for any time on or before the sixtieth day after the petition was filed on December 13, and later continued for a good reason to March 4, the actual date of adjudication, the speedy trial requirement imposed by the legislature would have been met. But the record only shows that it was not until February 22, after the 60 days had expired, that the adjudicatory hearing was set.

Thus it is understandable that the juvenile court reasoned that since the child actually had a significant court hearing within the 60 days, the legal requirement was met, because as judicially interpreted it allows the adjudicatory hearing which is set within 60 days to be continued for good cause even without any appearance of the child before the court within that 60 days.

The problem is that the judicial branch's effort to improve the process by a rule providing for arraignment, so that the child and the child's parents are more fully informed at an earlier stage than adjudication, can run afoul of the legislative branch's mandate that adjudication occur within ten or sixty days (depending on detention status) or at least be set to occur within that period and only continued for good cause. Both branches seek expedition, but the application of the court's rule must conform to the law as it has been construed.

DECIDED JANUARY 31, 1995.

*Debra G. McDonald,* for appellant.
*Lindsay A. Tise, Jr., District Attorney, Kathy Johnson, Assistant District Attorney,* for appellee.