## 50586. E. S. v. STATE OF GEORGIA.

DEEN, Presiding Judge.

On January 21, 1974, this eleven-year old juvenile was the subject of a complaint filed with the Juvenile Court of DeKalb County charging him with delinquency in the commission of certain acts of criminal trespass and abusive language. On May 22 a "replaced and amended" complaint was also filed, the difference being only in the amount of detail furnished on the sheet. E. S. was not detained. Adjudicatory and dispositional hearings were held on July 23, he was adjudged delinquent, and committed to six months probation. A motion for new trial was filed and denied, after which a motion to vacate the judgment for lack of jurisdiction was also denied and the defendant appeals. *Held:*

1. Code Ann. § 24A-1701 (a) (Ga. L. 1974, pp. 1126, 1129) requires: "In the event said child is not in detention then the court shall fix a time for hearing thereon which shall not be later than 60 days from the date of the filing of the said petition." This was a change in the law, effective March 28, 1974, setting for the first time a maximum number of days within which the case must be called for hearing. The motion to vacate the judgment of delinquency contends that the court was without jurisdiction for the reason that, whether the first or second "amended" complaint be considered, more than 60 days had passed and the juvenile should have been automatically discharged.

By way of comparison, our Code § 27-1901 requires from the criminal adult defendant a demand for trial, and specifies when the demand is not met "he shall be absolutely discharged and acquitted." That Code section is indeed jurisdictional. *Bishop v. State,* 11 Ga. App. 296 (75 SE 165). The statutes of other states setting maximum trial delays which we have examined all appear to have attached a sanction requiring the release of the accused when not observed. Cf. People v. Markword, 247 NE2d 914. In considering the right to speedy trial in a juvenile case, it was held in State of New Mexico v. Henry, 434 P 2d 692 that "In re Gault, 387 U. S. 1, 87 S. Ct. 1428, 18 L. E. 2d 527, clearly indicates the same constitutional

standards apply to juveniles as to adults." The importance of observing these constitutional and statutory guarantees in juvenile cases is clearly pointed out in "A Balancing Approach to the Grant of Procedural Rights in the Juvenile Court." Northwestern Univ. L. Rev., Vol. 64, pp. 87, 110, et. seq. "If the disposition is to be meaningful to the offender, he must be able to connect it with the acts which gave rise to it. With a long period of time between the offense and disposition, the child may not recognize the vital causal connection between his act and his responsibility as a member of society for that act."

Nevertheless, where the statute does not require dismissal as a matter of law regardless of the reason for the delay, it is clear that a delay negotiated and obtained by the defendant himself would constitute a waiver of the 60-day requirement. This is a matter which should first address itself to the trial court. In this case the adjudicatory hearing, 62 days after the filing of the amended petition, was conducted without any objection on the part of the defendant, his parents, or his counsel. There was no motion to dismiss for failure to comply with the statute. Thereafter, a motion for new trial was filed and argued, and again the question was not raised. Where there is no provision in the statute for automatic dismissal, there should be a motion to dismiss directed to the trial judge and it should appear that the delay is not due to the actions of the defendant. Since in the absence of these procedures no question of jurisdiction arises, the motion to vacate and set aside the judgment is without merit.

2. On the merits of the appeal, the evidence accepted by the juvenile court judge showed a long period of harassment by the defendant and other neighborhood boys, entry on the property of another after strict orders to stay away, destruction of property, and an eloquent use of obscene language. The evidence supported a judgment of delinquency. We are not here involved with the competing disciplinary claims of other juvenile institutions (such as the public schools), and a contrary result is not required by the holdings in *Young v. State*, 120 Ga. App. 605 (171 SE2d 756) or *M. S. K. v. State of Ga.*, 131 Ga. App. 1 (205 SE2d 59).

*Judgment affirmed. Evans and Stolz, JJ., concur.*

Argued April 29, 1975 — Decided May 8, 1975.

*Spence, Garrett & Spence, D. William Garrett, Jr.,* for appellant.

*Anne Workman, Solicitor, Paul Gemmette, Assistant Solicitor,* for appellee.