Clark, Judge.
"The history of American freedom is, in no small measure, the history of procedure” wrote Justice Felix Frankfurter in Malinski v. N.Y., 324 U.S. 401, 414. That was in 1945, twenty-two years before the 1967 landmark decision of In re Gault, 387 U.S. 1 (87 SC 1428, 18 LE2d 527). Gault changed the judicial treatment of juveniles by ruling that juveniles were entitled to the "essentials of due process and fair treatment” as a matter of constitutional right. Until then, our country’s juvenile courts had applied a parens patriae philosophy from the date of their creation in Chicago in 1899. Georgia was among those states which promptly enacted legislation *200 to comply with the Gault mandate, this being done by passage in 1971 of our enlightened Juvenile Court Code (Code Ann. Chapter 24A). This statute has been referred to as "Georgia’s Children’s Bill of Rights.”
Examination of the judicial progeny spawned in the five years since its enactment develops this result: most of the appeals stemmed from an apparent desire by our juvenile court jurists to render their decisions according to what they considered to be the best interest of the individual child then before the court. Application of this protective function has caused many reversals as our appellate courts followed the dictates of the statute. In brief, on a one-to-one basis a judgment from the heart may be more suitable for the child, but reversals by the appellate court stemmed from the necessity of complying with procedures dictated by the Juvenile Court Code. This does not imply that there is an incompatibility between recognition of the individual child’s welfare and fulfillment of his constitutional rights. Georgia Professor Samuel M. Davis expressed well the reconciliation of this apparent dichotomy in his fine book, Rights of Juveniles. There he wrote at page 5: "The protective philosophy has endured, and the juvenile court continues to perform its function of tailoring justice to meet the needs of the child as those needs are determined by the social services staff. Only by assuring a child of procedural fairness will a court that purports to represent that child’s interests impart to him an unjaundiced view of a system of justice that is fair and benevolent.”
These rueful ruminations apply to the instant case. The judge below was well-acquainted with the juvenile involved in this appeal, a young girl now 16 years old with a two-year-old infant. She had first come before him in March, 1975, charged with pointing a gun at the Chief of the Clayton Police Department and resisting arrest. That incident resulted in her being adjudicated a delinquent and placed in a Youth Development Center. The court subsequently provided for her release under certain conditions aimed at rehabilitation. When those conditions were violated the court made additional rehabilitative efforts by placing her and her infant child in the custody of her mother-in-law. Further problems *201 developed and she was again taken into custody on December 13, 1975. A detention hearing was had four days later, December 17, which resulted in her being placed in detention at the Regional Youth Development Center.
On December 29, 1975, a petition was filed alleging her to be a delinquent child and specifying the alleged acts constituting delinquency. Counsel was appointed that day to represent her. When a hearing was held on this petition on December 31, 1975, her attorney raised the legal points which are considered hereafter in our opinion. There was a ruling that the child was delinquent. The record reveals the trial judge sought various solutions for this problem juvenile but finally decided he had no better choice for her than a committal to the Department of Human Resources. This appeal is from that order: Held:
1. The first enumeration asserts error in denying a motion to dismiss based upon a denial of appellant’s right to a speedy trial and "that the petition was not filed within the maximum time allowed by law.”
When a child is taken into custody the Juvenile Court Code specifies three time limitations. "[A]n informal detention hearing shall be held promptly and not later than 72 hours (excluding weekends and holidays) after he is placed in detention to determine whether his detention or shelter care is required under section 24A-1401.” Code Ann. § 24A-1404 (c). This procedure is not involved in this appeal. "If this child is not so released, a petition under section 24A-1603 shall be made and presented to the court within 72 hours of the detention hearing.” Code Ann. § 24A-1404 (e). Then, "After the petition has been filed the court shall fix a time for hearing thereon, which, if the child is in detention, shall not be later than 10 days after the filing of the petition.” Code Ann. § 24A-1701 (a). Appellant argues that the two latter Code sections are to be construed together so that a child who is held in detention after the informal detention hearing would be entitled to a hearing on the question of delinquency not later than 13 days after the detention hearing.
Appellee argues that the intention of the legislature *202 was to establish time periods on the basis of "working days.” This is not a correct interpretation. In § 24A-1404 (c) there appears the parenthetical phrase "excluding weekends and holidays.” Two paragraphs later in the same section (§ 24A-1404 (e)), that phrase is omitted. This omission must be considered as deliberate and declarative of the legislative intention. "Generally, the word 'day,’ when not qualified, means a calendar or civil day consisting of 24 hours from midnight to midnight. [Cits.]” Dinkler v. Jenkins, 118 Ga. App. 239, 247 (2) (163 SE2d 443). (Reversed on other grounds in Hawes v. Dinkler, 224 Ga. 785 (164 SE2d 799)). Clearly, the General Assembly intended that a juvenile who is incarcerated after the court has had a preliminary detention hearing should have his incarceration limited and his fate determined according to calendar days, not "working days.”
Is this statutory time limitation jurisdictional? We have heretofore had three cases in which this issue was raised. We declined to deal with it in Sanchez v. Walker County Dept. of Family & Children Services, 138 Ga. App. 49. But in the first division of E. S. v. State of Ga., 134 Ga. App. 724 (215 SE2d 732) this court indicated at pages 724 and 725, by comparison with criminal adult defendants, that it was jurisdictional. Although this was dictum, the language expressed the views of our court. Brown v. Fulton County Dept. of Family & Children Services, 136 Ga. App. 308, 309 (220 SE2d 790), stated that "We quite agree with appellant’s contention that the language of Code. Ann. § 24A-1701 (a) is mandatory and that the time for the hearing must be set for a time not later than 10 days after the petition is filed.” This statement was not the ratio decidendi as the court noted the requirement had been originally complied with and a continuance granted which was within the court’s discretion. Nevertheless, the statement again conveyed the views of this court on the issue now squarely before us.
In re Gault, 387 U. S. 1 (87 SC 1428, 18 LE2d 527) required that in appropriate situations the same constitutional standards apply to juveniles as to adults. In Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) the Supreme Court adopted a four-factor test for *203 adjudging whether or not the constitutional right to a speedy trial has been violated. These four factors apply to adult criminal defendants in Georgia. See Sanders v. State, 132 Ga. App. 580, 582 (208 SE2d 597) and cits. We note, however, that in Barker v. Wingo, Mr. Justice Powell observed at page 523 that "The States, of course, are free to prescribe a reasonable period consistent with constitutional standards. . .” Our interpretation of these words from the Barker decision is that where a legislative body[1] has defined the right to speedy trial in terms of days, then the time limits must be strictly complied with. Such interpretation is in accord with the views expressed in E.S. and in Brown, supra.
Accordingly, we hold that time limits established by the General Assembly in the Juvenile Court Code are jurisdictional and must be strictly adhered to.
As Chief Justice Burger observed in Strunk v. United States, 412 U. S. 434 the only available remedy for one denied his constitutional right to a speedy trial is dismissal. Accordingly, the juvenile court judge here erred in overruling the motion to dismiss.
2. The next enumeration is based upon a failure to make personal service upon the juvenile. This enumeration is meritorious. Code Ann. § 24A-1701 (a) expressly provides that "the summons shall also/ be directed to the child if he is 14 or more years of age or is alleged to be a delinquent or unruly child.” The next section (§ 24A-1702 (a)) mandated "personal service” at least 24 hours before a hearing.” The cause of the omission is shown in appellee’s brief where it is argued that "juvenile court proceedings are civil and not criminal in nature” and that the Civil Practice Act is applicable.
Our Supreme Court ruled contrary to such contentions in English v. Milby, 233 Ga. 7 (209 SE2d 603). *204 In addition to holding that the Civil Practice Act is not applicable to a hearing in the juvenile court that tribunal pointed out that "[t]he Juvenile Court Code... establishes a unique court system for the protection and rehabilitation of children under 17 years of age. . . The provisions of the Juvenile Court Code. . . indicate a legislative intent to make it a court with its own distinctive rules of procedure.” p. 9. In short, it should be recognized that the Juvenile Court Code is sui generis.
Argued May 3, 1976
Decided July 2, 1976.
Michael H. Crawford, for appellant.
V D. Stockton, District Attorney, for appellee.
3. The next enumeratiomis based upon the refusal to grant a continuance requested by counsel who expressed the need of more time for preparation. While the appointed advocate in his zeal for his client’s interest considered two days to be inadequate, we find no abuse of discretion in the denial of this motion under the circumstances of this case.
4. The remaining enumeration contends error in adjudicating the appellant as being delinquent. In Brown v. Fulton County Dept. of Family & Children Services, 136 Ga. App. 308, supra, and Sanchez v. Walker County Dept. of Family & Children Services, 138 Ga. App. 49 we held that the "any evidence” rule applies to appeals from the juvenile court. A review of this transcript shows that there is sufficient evidence to support the trial court’s conclusion.

Judgment reversed.

Bell, C. J., and Stolz, J. concur.

 Congress accepted this legislative option and enacted the Speedy Trial Act of 1974 (P.L. 93-619 now codified as 18 USC 3161-3174) and imposed strict time requirements upon bringing a defendant to trial in the federal system.