## S90A0328. PALMER v. THE STATE.
### (393 SE2d 251)

SMITH, Presiding Justice.

The appellant, Robbie E. Palmer, was convicted of sexual assault against persons in custody under OCGA § 16-6-5.1. We reverse.[1]

The appellant was a juvenile probation officer in Whitfield County who was assigned to monitor a fourteen-year-old female probationer. Although Mr. Palmer had consensual sexual relations with the probationer on two occasions, he was only charged for an incident that occurred in January 1989.

The appellant contends that his conviction under OCGA § 16-6-5.1 (b) should be reversed because the term "in the custody of the law," as applied in the statute, does not encompass persons placed on probation.

OCGA § 16-6-5.1 (b) provides:

> A person commits sexual assault when he engages in sexual contact with another person who is in the custody of the law or who is detained in or is a patient in a hospital or other institution and such actor has supervisory or disciplinary authority over such other person. . . .[2]

---

[1] The appellant was indicted on March 16, 1989. The Whitfield County jury returned its verdict of guilty on April 25, 1989. The appellant filed Notice of Appeal on April 28, 1989. The transcript of evidence was filed on October 20, 1989. The record was docketed in this Court on December 7, 1989. The case was argued on February 12, 1990.

[2] Mr. Palmer's constitutional attack on this statute, which conferred jurisdiction in our

In interpreting statutes we are required to apply the ordinary signification "to all words, except words of art or words connected with a particular trade or subject matter. . . ." OCGA § 1-3-1 (b). We note first that the title of the section as a whole is "Sexual assault against persons *in custody*." (Emphasis supplied.) Looking at other criminal statutes, we find only one that uses "custody" in a similar context. That statute, OCGA § 16-10-52, prescribes penalties for escape, and presupposes actual imprisonment or detention. See *Chandler v. State*, 257 Ga. 775 (364 SE2d 273) (1988). Furthermore, the Probation Order which relegated the probationer to the court's supervision makes a distinction between "custody" and probation. The order states, "The probationer may be taken into custody and detained for violation of any condition of probation herein granted." The American Heritage Dictionary defines custody as, "2. the state of being kept or guarded; and 3. the state of being detained or held under guard, especially by the police." It is undisputed that the probationer was free to go about her normal activities subject to a court imposed curfew and her refraining from any illegal acts. It does not appear, applying the ordinary signification to the terms, that a person on probation is a person "in custody" or "in the custody of the law."

Criminal statutes must be construed strictly against the State and in favor of the accused. *Cargile v. State*, 194 Ga. 20 (20 SE2d 416) (1942). We agree with the appellant that the plain meaning of the phrase "in the custody of law" as incorporated in OCGA § 16-6-5.1 does not encompass persons on probation.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 12, 1990.

*Kinney, Kemp, Pickell, Sponcler & Joiner, Marcus R. Morris, Cynthia N. Johnson*, for appellant.
*Jack O. Partain III, District Attorney*, for appellee.