A92A2342. BUTLER v. THE STATE.
(429 SE2d 280)

CARLEY, Presiding Judge.

In *Butler v. State*, 198 Ga. App. 217 (401 SE2d 43) (1990), appellant's conviction was reversed on grounds which mandated a new trial. During the January 1991 term of the trial court, the remittitur was received by the clerk of that court. However, appellant's case was not docketed for retrial during either that or the next succeeding term of the trial court. Thereafter, appellant moved for an acquittal based upon the State's failure to have retried him during either the January 1991 or the next succeeding term of the trial court. Although

appellant had never filed a demand for a speedy trial pursuant to OCGA § 17-7-170, he relied upon the following provisions of OCGA § 5-5-49 (a, b): "A case decided by the . . . Court of Appeals which is not finally disposed of by the decision shall stand for further hearing at the term next ensuing after the decision by the appellate court unless the lower court is in session when the decision is made, in which event it shall stand for trial during such term of the lower court. The clerk of the lower court, upon receipt of the remittitur of the appellate court, shall docket the case for trial in accordance [here]with. . . ." The trial court denied appellant's motion for acquittal, but certified its order for immediate review. The instant appeal is before this court pursuant to the grant of appellant's motion for an interlocutory appeal.

If appellant had ever filed a demand for speedy trial pursuant to OCGA § 17-7-170, he clearly would be entitled to an acquittal based upon the State's failure to have retried him during either the January 1991 or the next succeeding term of the trial court. *Ramirez v. State*, 196 Ga. App. 11 (2) (395 SE2d 315) (1990). As noted, however, he did not file such a demand. Accordingly, the issue presented for resolution is whether a non-compliance with the provisions of OCGA § 5-5-49 will entitle appellant to exactly the same relief as would a non-compliance with the provisions of OCGA § 17-7-170.

Entirely unlike OCGA § 17-7-170, OCGA § 5-5-49 mandates no express sanction for a non-compliance with its provisions. The employment of the word "shall" "would indicate that [compliance with the provisions of OCGA § 5-5-49 is] mandatory. However, . . . '([l])anguage contained in a statute which . . . commands the doing of a thing within a certain time, when not accompanied by any negative words restraining the doing of the thing afterward, will generally be construed as merely directory and not as a limitation of authority, and this is especially so where no injury appeared to have resulted from the fact that the thing was done after the time limited by the plain wording of the Act.' [Cits.]" *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406, 410 (229 SE2d 66) (1976). See also *Horkan v. Beasley*, 11 Ga. App. 273 (1) (75 SE 341) (1912). Appellant has not shown "that any harm accrued to [him] as a result of the delay." *Hopping v. Cobb County Fair Assn.*, 222 Ga. 704, 706 (2) (152 SE2d 356) (1966). See also *Israel v. Cofer*, 152 Ga. App. 248, 249 (3) (262 SE2d 545) (1979). Compare *Sanchez v. Walker County Dept. of Family &c. Svcs.*, supra at 410-411; *In re B. A. P.*, 180 Ga. App. 433, 434 (1) (349 SE2d 218) (1986). Indeed, appellant has the same right as any other defendant who, having failed to invoke the provisions of OCGA § 17-7-170, nevertheless seeks a discharge based upon the failure of the State to have brought him to trial on pending criminal charges. He can seek dismissal of the criminal charges pursuant to the

federal and state constitutional provisions which guarantee him a speedy trial. See *State v. King*, 137 Ga. App. 26 (222 SE2d 859) (1975).

If the legislature had intended that a non-compliance with OCGA § 5-5-49 would result in the automatic acquittal of a defendant in a criminal case, it could have expressly provided for the comparable remedy afforded for a non-compliance with OCGA § 17-7-170. The legislature did not so provide, but merely directed that *all* cases, whether criminal or civil, are to be docketed for retrial within a certain time. To construe compliance with OCGA § 5-5-49 as a limitation of the authority of the trial courts, rather than as a mere direction to the clerks thereof, would deprive trial courts of jurisdiction over both criminal and civil cases which had been reversed on appeal unless the retrial was held within the indicated terms of court. In the absence of language clearly evidencing a legislative intent to effectuate such a broad divestiture of jurisdiction, OCGA § 5-5-49 must be construed as merely directory. "We will hold that the legislature intended nothing beyond what their language, in its fair and usual meaning, will indicate; and, if the terms of their enactment have not embraced the object contended for, the power is with them, by additional Act or Acts, to extend them." *Mayor &c. of Savannah v. Hartridge*, 8 Ga. 23, 30 (8) (1850).

It follows that the trial court correctly denied appellant's motion for acquittal. Having failed to invoke OCGA § 17-7-170, appellant must proceed under the provisions of the federal or state constitutions if he wishes to assert the untimeliness of his retrial as a ground for avoiding potential criminal liability.

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED MARCH 3, 1993 —
RECONSIDERATION DENIED MARCH 16, 1993 — 

*Gary R. Pelphrey*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.