S94A0726. STILES v. THE STATE.
(448 SE2d 172)

BENHAM, Presiding Justice.

Dorothy Stiles was convicted of felony murder and possession of a firearm during the commission of a crime, in connection with the death of her husband of 25 years.[1]

---

[1] The crimes occurred on September 29, 1991, and appellant was arrested at the scene.

1. Appellant maintains the evidence presented at trial was not sufficient to authorize her conviction for felony murder. The State presented evidence that the victim died from a .22-caliber gunshot wound to his head, fired from a distance of 18-24 inches. A deputy sheriff arrived at the Stiles' home in response to a call reporting that a person had been shot during a domestic disturbance, and encountered appellant. The deputy described appellant as being very upset, and testified that she told him she had fatally shot her husband in the bedroom. After she was advised of her rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), and signed a form waiving those rights, appellant told investigators that she had been angry with her husband because he had stayed out the previous night and had not been available to lend paternal support when their daughter reported she had been evicted from her apartment. When the victim had returned home, appellant and the victim had struggled in the bedroom. Appellant had then pulled her husband's gun from under the mattress, cocked it, and aimed it at his head in order to scare him. Appellant admitted that her actions scared the victim. The gun discharged when the victim struck it with his arm. Appellant repeatedly told investigators she had thought the gun was unloaded, despite her husband's warnings to the contrary. The evidence was sufficient to authorize a rational trier of fact to conclude that appellant was guilty beyond a reasonable doubt of causing the death of another during the commission of the felony of aggravated assault when she used a deadly weapon and placed her husband in reasonable apprehension of immediately receiving a violent injury. OCGA §§ 16-5-1 (c); 16-5-21 (a) (2); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant maintains that the trial court erred when it followed appellant's requested charge on accident with a charge based on *Grude v. State*, 189 Ga. App. 901 (1) (377 SE2d 731) (1989). The holding in that case is derived from this court's decision in *Ford v. State*, 202 Ga. 599 (3) (44 SE2d 263) (1947):

> Where, as in the instant case, it is shown by the evidence, and admitted in the defendant's statement, that the homicide occurred by the discharge of a gun held by the accused . . . [which placed another in reasonable apprehension of im-

---

On March 26, 1992, the grand jury returned a true bill charging appellant with malice murder, felony murder and possession of a firearm during the commission of a felony. The trial took place on November 11, and the jury returned its verdict that afternoon. Appellant was given consecutive sentences of life imprisonment and five years on March 19, 1993. A motion for new trial was filed on April 13, and denied on January 4, 1994. After the notice of appeal was filed on January 19, the case was docketed in this court on February 17, and submitted for decision on briefs.

mediately receiving a violent injury] . . . , even if the discharge of the gun was unintentional, the offense is murder; and in no view of such facts does it involve . . . accident. . . .

The defense of "accident" is defined in OCGA § 16-2-2 as the absence of a criminal scheme or undertaking, intention, or criminal negligence. "Cocking and aiming a gun . . . at [another] . . . is an utter disregard for the safety of that person and constitutes criminal negligence," rendering the defense of accident inapplicable. *New v. State*, 260 Ga. 441, 442 (396 SE2d 486) (1990).

In light of appellant's testimony that, at the time the gun was discharged she was using it in a successful effort to frighten the victim, the resulting homicide constituted murder and not accident. *Ford*, supra. The trial court did not err when it instructed the jury on the *Ford/Grude* principle.[2]

3. Appellant contends she is entitled to a new trial due to alleged juror misconduct. She asserts that a juror purportedly contacted the district attorney five days after the trial and informed him that the juror knew the deputy sheriff/witness who had arrested appellant. Based on the post-trial admission, appellant contends that the juror deliberately failed to give complete and truthful answers during voir dire, and finds fault with the trial court for its failure to investigate the allegation of juror misconduct. The trial court denied the motion for new trial after hearing argument thereon.

As movant, appellant had to demonstrate that the juror failed to answer honestly a material question on voir dire, and to show that a correct response would have provided a valid basis for a challenge for cause. *Gainesville Radiology v. Hummel*, 263 Ga. 91 (428 SE2d 786) (1993); *Isaacs v. State*, 259 Ga. 717 (44 (e)) (386 SE2d 316) (1989). As movant, appellant, rather than the trial court, had the responsibility to present sufficient evidence in support of her motion. See *Clifton v. Gillis*, 195 Ga. App. 712 (2) (394 SE2d 582) (1990). Inasmuch as the voir dire was not reported and appellant did not complete the record pursuant to OCGA § 5-6-41, she did not establish from the record that the juror failed to answer honestly a material question on voir dire. Even if it were assumed that the juror failed to answer honestly a material question, appellant did not establish that a correct response would have provided a valid basis for a challenge for cause. See OCGA § 15-12-163. Since appellant did not carry her burden of

---

[2] While the trial court expressed concern at the sentencing hearing over the use of the *Ford/Grude* charge in cases where the court would have no discretion in sentencing upon conviction (compare aggravated assault with felony murder), that concern is one better addressed by the General Assembly than the judiciary.

proof, the trial court did not err when it denied the motion for new trial on this ground.

*Judgment affirmed. All the Justices concur, except Hunt, C. J., who concurs in the judgment only as to Division 2.*

DECIDED SEPTEMBER 19, 1994.

*E. Ronald Garnett,* for appellant.

*Daniel J. Craig, District Attorney, Daniel W. Hamilton, John M. Markwalter, Assistant District Attorneys, Michael J. Bowers, Attorney General, Peggy R. Katz, Assistant Attorney General,* for appellee.