A95A0411. IN THE INTEREST OF R. D. F., a child.
(455 SE2d 77)

ANDREWS, Judge.

The juvenile court granted R. D. F.'s motion to dismiss the delinquency petition for failure to hold a hearing on the petition within the time limit set forth in OCGA § 15-11-26 (a). The State appeals pursuant to OCGA § 5-7-1.1[1]

OCGA § 15-11-26 (a) provides that: "After the petition has been filed the court shall fix a time for hearing thereon, which, if the child is in detention, shall not be later than ten days after the filing of the petition. In the event the child is not in detention, the court shall fix a time for hearing thereon which shall be not later than 60 days from the date of the filing of the petition." The petition alleging delinquency in this case was filed on June 6, 1994. It is undisputed that R. D. F. was not held in detention so the 60-day limit applies. On June 22, 1994, the juvenile court issued a summons to the child and the custodial parent requiring them to be in court for a hearing set for June 29, 1994. On June 29, 1994, after the hearing, the juvenile court associate judge issued findings and recommendations stating: "This matter was set for an arraignment hearing on the 29th day of June, 1994, at 1:30 p.m. The child denies the charges in the said petition and requests that he be represented by an attorney. It appearing that the child qualifies for court appointed counsel; IT IS THEREFORE RECOMMENDED that the said case be continued for good cause shown and remanded to the trial calendar for hearing at 1:30 p.m., the 19th day of August, 1994, before [the juvenile court judge]." On August 22, 1994, the juvenile court judge issued an order confirming that the petition was scheduled for an adjudicatory hearing on August 19, 1994 and stating that the adjudicatory hearing was continued until October 28, 1994.

On August 29, 1994, R. D. F. filed a motion seeking dismissal of the petition because no hearing was held on the petition during the 60-day limit of OCGA § 15-11-26 (a). We have previously held that, where the child is not held in detention, OCGA § 15-11-26 (a) requires that the juvenile court fix a hearing date for such hearing to be held within 60 days from the date the petition was filed. *In the Interest of R. O. B.*, 216 Ga. App. 181 (453 SE2d 776) (1995). It is not sufficient for the juvenile court to merely enter a date-setting order before the 60-day limit expires, which order sets the hearing for a date after the expiration of the 60-day limit. To comply with the stat-

---

[1] The State's appeal from the dismissal in this case is the equivalent of an appeal from an order sustaining a plea in bar for violation of the right to a speedy trial. See *State v. Benton*, 246 Ga. 132 (269 SE2d 470) (1980); *Lett v. State*, 164 Ga. App. 584, 587 (298 SE2d 541) (1982); *J. B. H. v. State of Ga.*, 139 Ga. App. 199, 203 (228 SE2d 189) (1976).

ute, the court must fix a date for the hearing to be held within the 60-day period. *In the Interest of M. D. C.*, 214 Ga. App. 59, 60-61 (447 SE2d 143) (1994). Of course, if the hearing has originally been set to be held within the 60-day limit, it may be held outside the 60-day limit if a valid continuance has been granted. Id.

In the case at bar, the only hearing which was set to be held within 60 days after the petition was filed was the arraignment hearing held on June 29. " 'The arraignment hearing is an optional formal hearing which may be conducted in conjunction with the detention hearing or in a separate hearing. The purpose of the arraignment hearing is to formally advise the child of his rights to counsel, to remain silent and to a hearing before the judge; to advise him of the allegations as they are stated in the petition; and to offer the child an opportunity to enter an admission or a denial to the charges against him.' Uniform Juvenile Court Rule 10.1. On the other hand, '(t)he purpose of the adjudicatory hearing is to determine if the allegations contained in the petition are true.' Uniform Juvenile Court Rule 11.1. See *C. P. v. State*, 167 Ga. App. 374, 375 (2) (306 SE2d 688) (1983). Because of the different purposes for arraignment and adjudicatory hearings, the time limits established by OCGA § 15-11-26 (a) cannot be met by substituting an arraignment for an adjudicatory hearing." *In the Interest of L. A. E.*, 214 Ga. App. 268, 269 (447 SE2d 627) (1994).

The adjudicatory hearing in this case was originally scheduled to be held on August 19, 1994, more than 60 days after the petition was filed. Since the 60-day limit of OCGA § 15-11-26 (a) is jurisdictional and must be strictly observed, the juvenile court correctly dismissed the petition. *In the Interest of R. O. B.*, supra.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 23, 1995 —
RECONSIDERATION DENIED MARCH 9, 1995 —

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Bradley J. Boyd, Assistant District Attorneys,* for appellant.
*Wilma E. Espy,* for appellee.