A95A0237. IN THE INTEREST OF M. B., a child.
(458 SE2d 864)

BEASLEY, Chief Judge.

A petition was filed alleging that M. B. was delinquent, predicated upon theft of an automobile, OCGA § 16-8-2, driving without a license, OCGA § 40-5-20, and violating the conditions of his probation, OCGA § 15-11-42 (b). He was released on his own recognizance. A hearing was set at which he did not appear and a second delinquency petition was filed, for felony bail jumping. OCGA § 16-10-51 (a). The first petition was dismissed on M. B.'s motion. M. B. also sought dismissal of the bail jumping petition on the ground he could not legally be charged with committing such act. The motion was denied and M. B. was declared delinquent. He pursues on appeal the ground urged below.

OCGA § 16-10-51 (a) provides in part that "[a]ny person who has been charged with or convicted of the commission of a felony under

the laws of this state and has been set at liberty on bail or on his own recognizance upon the condition that he will subsequently appear at a specified time and place commits the offense of felony-bail jumping [sic] if, after actual notice to the defendant in open court or notice to the person by mailing to his last known address or otherwise being notified personally in writing by a court official or officer of the court, he fails without sufficient excuse to appear at that time and place." M. B.'s argument is that an essential element of OCGA § 16-10-51 (a) is that the accused be a person "charged with or convicted of the commission of a felony" and that he was charged with being delinquent, not with having committed a felony.

The legislative scheme for the treatment of juveniles alleged delinquent is replete with distinctions between criminal matters and matters concerning juveniles alleged delinquent. "An order of disposition or other adjudication in a proceeding under [the juvenile code] is not a conviction of a crime." OCGA § 15-11-38 (a). The juvenile code is concerned with the care, guidance, and well-being of children. OCGA § 15-11-1. Juveniles are declared delinquent because they need treatment and rehabilitation. OCGA § 15-11-2 (7).

Other relevant legislative indications are that the juvenile court "shall have concurrent jurisdiction with the superior court over a child who is alleged to have committed a delinquent act which would be considered a crime if tried in superior court." OCGA § 15-11-5 (b) (1). A juvenile under the jurisdiction of the juvenile court is not charged with the commission of a crime, but rather with the commission of a delinquent act, which is not a crime but instead "[a]n act designated a crime by the laws of this state." OCGA § 15-11-2 (6) (A). Despite such designation, the act is only considered a crime if tried in superior court. OCGA § 15-11-5 (b) (1). Even when the delinquent act would be a felony if committed by an adult, a juvenile is not charged with committing a felony but with committing a "designated felony act." OCGA § 15-11-37 (a) (2). " 'Designated felony act' means an act which: . . . [i]f done by an adult, would be one or more of [a specific list of felonies]." OCGA § 15-11-37 (a) (2) (B).

There are several references in the juvenile code to acts that would be crimes if committed by an adult. See OCGA §§ 15-11-17 (c); 15-11-37 (a) (2) (B) (vi); 15-11-39.1 (a). The stated purpose of the legislature in creating what is now OCGA § 15-11-37 was to "provide that certain acts which, if done by an adult, would constitute certain crimes shall be known as 'designated felony acts' if committed by a juvenile." Ga. L. 1980, p. 1013. "If" is a word which looms large both here and in OCGA § 15-11-5 (b) (1), as noted above. The qualifier expressly distances the juvenile from the treatment visited upon adults for the same act. It excludes juveniles from the category of persons whose specified behavior leads to punitive consequences.

In addition to these indications of a legislative intent that juvenile delinquency matters not be considered criminal matters, the distinction between juvenile and criminal cases has often been recognized and observed by this court. See *In the Interest of D. Q. H.*, 212 Ga. App. 271, 272 (441 SE2d 411) (1994) ("this case is a delinquency case, i.e. a civil case"; the State therefore could not directly appeal the grant of a motion to suppress in a juvenile proceeding. See OCGA § 5-7-1); *In the Interest of S. L. H.*, 205 Ga. App. 278, 279 (422 SE2d 43) (1992) (juvenile delinquency being separated from criminal conduct in various manners, OCGA § 16-1-8 (a) (2), does not apply to juvenile proceedings because it does not contain a principle necessary for a fair trial); *T. L. T. v. State of Ga.*, 133 Ga. App. 895, 897 (1) (212 SE2d 650) (1975) ("it is clear from the entire statute that the General Assembly sought to treat matters of juvenile delinquency as a class of conduct separate and distinct from conventional criminality"); *K. M. S. v. State of Ga.*, 129 Ga. App. 683 (200 SE2d 916) (1973) ("The juvenile court is a civil court, not a criminal court. . . . [Cit.] The juvenile court cannot find anyone guilty of a crime.").

A felony is a crime, and all crimes are either felonies or misdemeanors. OCGA § 16-1-3 (5), (9). To be charged with a felony is an essential element of the crime of felony bail jumping. OCGA § 16-10-51 (a). Criminal statutes are to be strictly construed. *Palmer v. State*, 260 Ga. 330, 331 (393 SE2d 251) (1990); *Flanagan v. State*, 212 Ga. App. 468 (1) (442 SE2d 16) (1994). Legislative intent, judicially recognized, and the vigilant construction of criminal statutes in favor of the citizen, compels the conclusion that OCGA § 16-10-51 (a) does not embrace the failure of a juvenile to appear as ordered. As M. B. was a juvenile alleged delinquent he was not charged with a crime and could not commit the crime of felony bail jumping. It was error to deny the motion to dismiss the petition.

This does not, however, leave the juvenile court without recourse to sanction disobedience of an order to appear. The court may issue an order that the child be taken into custody for the failure to appear at the designated time. See OCGA § 15-11-19 (b). Additionally, a petition alleging delinquency may be based upon the failure to appear. OCGA § 15-11-62 authorizes the court to punish a person for contempt of its orders. That section is "read together with the remainder of the juvenile code so that, when a criminal contemnor is a child, the case is recognized to be a juvenile matter. Therefore, the case . . . can only be viewed as a delinquency proceeding predicated on an allegation that [the juvenile] has committed criminal contempt of court. See OCGA § 15-11-2 (6, 7)." (Footnote omitted.) *In the Interest of J. E. H.*, 202 Ga. App. 29, 30 (413 SE2d 227) (1991).

Had the State pursued contempt against M. B., the result might have been the same as that sought through the improper use of

OCGA § 16-10-51 (a), i.e., a declaration of delinquency based upon failure to appear at a hearing.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 23, 1995.

*Steven E. Phillips,* for appellant.

*Lewis R. Slaton, District Attorney, Sally A. G. Butler, Leonora Grant, Assistant District Attorneys,* for appellee.