S94G1810. IN THE INTEREST OF L. A. E., a child.
(462 SE2d 148)

SEARS, Justice.

In this matter, we find that a particular hearing "fixed" by the juvenile court "for a time" within ten days of the filing of a petition of delinquency satisfied the statutory requirement that within that same ten-day period, the juvenile court must "fix" an adjudicatory hearing.[1] We therefore reverse the ruling of the Court of Appeals and affirm the earlier ruling of the juvenile court.

On March 24, 1993, a petition charging L. A. E., a juvenile, with murder was filed in the juvenile court, and a formal hearing on the charges against him was fixed for March 30, 1993.[2] At or about that same time, a summons and notice was served on L. A. E. and his parents, commanding them to appear at the March 30 hearing in order to "make defense" to the petition and to "show cause why [L. A. E.] should not be dealt with according to the provisions of the law." The summons and notice informed L. A. E. and his parents that even though the hearing might be continued beyond March 30, they were nonetheless ordered to remain in attendance until their discharge by the court upon disposition of the case. The summons and notice also stated that at the hearing, the juvenile court would consider the State's request to transfer the case to the superior court.[3]

At the March 30 hearing, the juvenile court first considered and granted the media's motion for limited access to the proceedings. The State then requested and was granted a continuance of the hearing so that it could conduct further investigation and decide whether to seek

---

[1] OCGA § 15-11-26 (a) states that "[a]fter [a] petition [of delinquency] has been filed the court shall fix a time for hearing thereon, which, if the child is in detention, shall not be later than ten days after the filing of the petition."

[2] The murder occurred and L. A. E. was arrested on March 20, 1993. A complaint charging L. A. E. with murder was filed in the Juvenile Court of Fulton County on March 22, 1993. On March 23, the juvenile court held a pre-petition detention hearing, at which it found probable cause to suspect L. A. E. of the crime, recommended that a petition issue to initiate juvenile court proceedings against him, and recommended that he be detained pending adjudication. See OCGA § 15-11-21 (c) (1); Uniform Juvenile Court Rule 8.1 et seq. After issuance of the petition of delinquency and denial of the State's request to transfer the matter to superior court, on June 25, 1993, L. A. E. was adjudicated delinquent. He was sentenced in July 1993.

[3] This notice conformed with OCGA § 15-11-39 (a) (2).

a transfer to the superior court. Thereafter, extensive testimony and arguments were heard on L. A. E.'s constitutional challenge to the timeliness of his probable cause hearing.[4] Finally, the juvenile court heard and rejected a request that bond be granted.

After the March 30 hearing was continued, L. A. E. filed a motion claiming that dismissal of the petition was mandated because the juvenile court did not fix an adjudicatory hearing on the petition in accordance with OCGA § 15-11-26 (a). The juvenile court denied the motion, ruling that the proceedings fixed on March 24 and commenced on March 30 satisfied the requirements of that Code section. The Court of Appeals reversed, ruling that the March 30 hearing did not satisfy OCGA § 15-11-26 (a), because it was "merely . . . an arraignment hearing."[5] Construing the requirement that an adjudicatory hearing be fixed within ten days as jurisdictional and analogous to the right to a speedy trial, the Court of Appeals ruled that the proper remedy for a failure to comply with OCGA § 15-11-26 (a) was dismissal of the petition.[6] For the reasons discussed below, we now reverse.

1. OCGA § 15-11-26 (a) states that after a petition of delinquency has been filed, "the [juvenile] court shall fix a time for hearing thereon, which, if the child is in detention, shall not be later than ten days after the filing of the petition." The hearing specified in this Code section must be adjudicatory in nature.[7]

In this case, on March 24 the juvenile court fixed a hearing on the petition to commence on March 30, well within the ten-day period required by OCGA § 15-11-26 (a). The question we must decide is whether the hearing which commenced on March 30 satisfied the requirement that it be adjudicatory, or whether it was merely an arraignment, as L. A. E. asserts. To make this determination, it is necessary to examine not only the notices given for the hearing, but also what transpired at the hearing itself.

An arraignment is intended to advise the juvenile of his rights to counsel, to a hearing before a judge, and to remain silent; to advise the juvenile of the allegations contained in the petition of delinquency; and to offer the juvenile the opportunity to admit or deny those same allegations.[8] An arraignment is optional, and may be conducted contemporaneously with a separate hearing.[9] An adjudicatory

---

[4] This Court already has affirmed the timeliness of L. A. E.'s probable cause hearing. *L. A. E. v. Davis*, 263 Ga. 473 (435 SE2d 216) (1993).

[5] *In the Interest of L. A. E.*, 214 Ga. App. 268, 269 (447 SE2d 627) (1994).

[6] Id. 214 Ga. App. at 270.

[7] See *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406, 408 (229 SE2d 66) (1976).

[8] Uniform Juvenile Court Rule 10.1.

[9] Id.

hearing, on the other hand, is intended to determine whether the allegations contained in the petition are true, and may be viewed as the commencement of proceedings which will culminate in the matter's final disposition.[10] The Juvenile Court Rule concerning adjudicatory hearings specifically contemplates that they may be continued for a reasonable time and for good cause shown.[11]

When the facts relative to the March 24 fixing of the March 30 hearing are considered in light of these codified definitions, it is clear that the hearing was not intended to be "merely an arraignment," but rather to be adjudicatory in nature, and therefore satisfied OCGA § 15-11-26 (a). The juvenile and his parents were summoned to appear at the hearing *to defend* against the charges as to which probable cause had been found to exist, and *"to show cause* why [the juvenile] should not be dealt with according to the law." They were also (1) instructed to remain in attendance at the hearing until final adjudication of the petition, (2) informed of the possibility that the hearing would be continued, and (3) told that the State would seek a transfer to the superior court. These characteristics indicate that the scheduled hearing was intended to be more than a "mere arraignment." An arraignment, as defined in the Juvenile Court Rules, contemplates neither the assertion of defenses, a showing of cause, nor instructions relative to the final disposition of a case. Additionally, the transcript of the March 30 hearing reveals that no arraignment, as contemplated in Uniform Juvenile Court Rule 10.1, was held on that date.[12]

The fact that the hearing was continued does not detract from its adjudicatory nature. As noted, the Juvenile Court Rule expressly provides that adjudicatory proceedings may be continued for good cause.[13] We agree with the dissent to the Court of Appeals' opinion that a review of the transcript of the hearing indicates that neither the parties nor the juvenile court fully expected that final adjudication would in fact occur on March 30, 1993.[14] Indeed, a contrary expectation likely would have been unreasonable, as it would have presumed that this murder case was capable of being fully adjudicated within ten days of the petition's filing (and the offense's occurrence).

In its ruling, the Court of Appeals relied upon the juvenile court's and counsels' several references to the hearing as an arraignment.

---

[10] See id. Rule 11.1.

[11] Id. Rule 11.3.

[12] Moreover, it is noteworthy that a great deal more transpired at the March 30 hearing than that which the Juvenile Court Rule contemplates occurs at an arraignment. Most notably, several substantive pre-adjudication motions were ruled upon, including one brought by the juvenile's attorney which, if granted, could have proved dispositive.

[13] See note 11, supra, and accompanying text.

[14] See *In the Interest of L. A. E.*, 214 Ga. App. at 273 (Beasley, P. J., dissenting).

That reliance mistakenly promotes form over substance, as it is the purpose for which the hearing is fixed and the substance of what actually transpired at the hearing which dictate whether it was an arraignment or adjudicatory in nature, rather than isolated misnomers selected from the transcript and record.

Because the hearing commenced on March 30, 1993 was adjudicatory and not merely an arraignment, it satisfied the requirements of OCGA § 15-11-26 (a). Accordingly, the judgment of the Court of Appeals is reversed, and the juvenile court's denial of L. A. E.'s motion to dismiss is affirmed.

2. Because we have found the hearing in this matter satisfied the requirements of OCGA § 15-11-26 (a), we shall reserve ruling at this time whether a failure to comply with that Code section requires a dismissal of the petition.

*Judgment reversed. All the Justices concur, except Hunstein, J., who concurs in the judgment only.*

DECIDED OCTOBER 2, 1995.

*Lewis R. Slaton, District Attorney, Sally A. Butler, Carl P. Greenberg, Assistant District Attorneys,* for appellant.
*Mark R. Pollard,* for appellee.