S95G1035. IN THE INTEREST OF R. D. F., a child.
(466 SE2d 572)

HUNSTEIN, Justice.

A delinquency petition was filed in Fulton County Juvenile Court on June 6, 1994 charging appellee R. D. F. with various drug offenses. Appellee was not in detention. The summons and notice served on appellee and his mother commanded them to appear at a June 29, 1994 hearing in order to "make defense" to the petition and to "show cause why [appellee] should not be dealt with according to the provisions of the law." Appellee and his mother were informed that even though the hearing might be continued, they were nonetheless ordered to remain in attendance until their discharge by the juvenile court upon disposition of the case.

No transcript of the June 29 hearing was included in the record on appeal. In the order entered the day of the hearing, the juvenile court judge noted that an "arraignment hearing" had been conducted; that appellee had denied the charges in the petition and requested legal representation; and that appellee qualified for such representation. The order reflected that the juvenile court judge had determined that the hearing should be continued "for good cause shown" and that a hearing was set for August 19, 1994.[1]

Appellee moved to dismiss the petition on August 29, 1994 on the basis that "[n]o adjudicatory hearing was fixed in the above-styled case within the time limit set out in [OCGA §] 15-11-26 (a)." The juvenile court granted appellee's motion and the Court of Appeals affirmed. *In the Interest of R. D. F.*, 216 Ga. App. 563 (455 SE2d 77) (1995). We reverse.

1. OCGA § 15-11-26 (a) provides:

After the petition has been filed the court shall fix a time for hearing thereon, which, if the child is in detention, shall not be later than ten days after the filing of the petition. In the event the child is not in detention, the court shall fix a time for hearing thereon which shall be not later than 60 days from the date of the filing of the petition.

In construing OCGA § 15-11-26 (a), the appellate courts have recognized that the hearing required by the statute is an adjudicatory hearing, not an arraignment hearing. *In the Interest of L. A. E.*, 214 Ga. App. 268 (1) (447 SE2d 627) (1994), rev'd on other grounds, 265 Ga. 698 (462 SE2d 148) (1995). OCGA § 15-11-26 (a) mandates that

---

[1] The hearing on that date was continued until October 28, 1994, the juvenile court finding that good cause was shown in that a necessary witness, a police officer, was unable to attend due to a recent gunshot wound.

the hearing date be "fixed" within the applicable statutory period. *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406, 408 (229 SE2d 66) (1976). However, this requirement can be waived, id. at 409; *E. S. v. State of Ga.*, 134 Ga. App. 724, 725 (1) (215 SE2d 732) (1975) or continued for the securing of legal representation, OCGA § 15-11-30 (b), or for reasons within the discretion of the juvenile court. *In re J. B.*, 183 Ga. App. 229 (2) (358 SE2d 620) (1987); *Brown v. Fulton County Dept. of Family &c. Svcs.*, 136 Ga. App. 308 (1) (220 SE2d 790) (1975).

2. The State contends that the language in OCGA § 15-11-26 (a) is directory, rather than mandatory, insofar as it applies to children who are not in detention, and that the holding to the contrary in *Sanchez*, supra, is distinguishable on the basis that *Sanchez* applies only to children in detention. We do not agree.

To arrive at its holding, *Sanchez* cited numerous authorities, including *E. S.*, supra, in which it was recognized that

"[i]f the disposition [of a child] is to be meaningful to the offender, he must be able to connect it with the acts which gave rise to it. With a long period of time between the offense and disposition, the child may not recognize the vital causal connection between his act and his responsibility as a member of society for that act."

Id. at 725. We find that the goal of OCGA § 15-11-26 (a) is to render a child's disposition meaningful by providing for prompt resolution of charges brought against a delinquent or unruly child and expeditious handling of matters involving a deprived child. Construing the language in OCGA § 15-11-26 (a) to be mandatory, as this Court did in *Sanchez*, is consistent with this goal.

The rules of statutory construction require that we harmonize the two sentences in the same Code section. See generally *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975). It is apparent from a reading of the statute that the goal sought to be accomplished by the ten-day hearing requirement for detained children is the same goal for the sixty-day hearing requirement for non-detained children. Virtually identical language was used by the Legislature and there is no indication of any intention to attach a different meaning to the same language used twice in the same section. Accordingly, we cannot agree with the State that the two sentences in OCGA § 15-11-26 (a) are subject to differing construction, so as to render the language mandatory for detained children and directory as to non-detained children. Compare, e.g., *Carpet Transport v. Pittman*, 187 Ga. App. 463, 466 (1) (370 SE2d 651) (1988). The State's arguments that the purposes of the juvenile code are not served by a mandatory

application of OCGA § 15-11-26 (a) are best directed to the General Assembly.

3. The State contends the Court of Appeals erred by holding that OCGA § 15-11-26 (a) constitutes a speedy trial demand so that violation of its provisions results in dismissal with prejudice. We agree.

In stark contrast to OCGA §§ 17-7-170 and 17-7-171, there is no explicit language in OCGA § 15-11-26 which mandates that the failure to comply with the statutory time limits provided therein will result in an adjudication of the juvenile's non-delinquency by operation of law.

> If the legislature had intended that a non-compliance with OCGA § [15-11-26 (a)] would result in the automatic acquittal of a defendant in a [delinquency] case, it could have expressly provided for the comparable remedy afforded for a non-compliance with OCGA § 17-7-170. The legislature did not so provide.

*Butler v. State*, 207 Ga. App. 824, 826 (429 SE2d 280) (1993). See also *In the Interest of M. O. B.*, 190 Ga. App. 474, 475 (378 SE2d 898) (1989) (holding that unlike rulings on speedy trial motions under OCGA § 17-7-170, there is no right of direct appeal from rulings denying motion to dismiss for noncompliance with OCGA § 15-11-26). The failure to comply with OCGA § 15-11-26 (a), like the failure to comply with OCGA §§ 15-11-19 and 15-11-21, results in dismissal of the petition without prejudice,[2] see *Sanchez*, supra at 411, and we disapprove any interpretation of *Sanchez* to the contrary. Cases holding that the dismissal is with prejudice are hereby overruled. See, e.g., *In the Interest of L. A. E.*, supra at (1); *In the Interest of M. D. C.*, 214 Ga. App. 59 (447 SE2d 143) (1994); *R. A. S. v. State of Ga.*, 156 Ga. App. 366 (274 SE2d 752) (1980); *J. B. H. v. State of Ga.*, 139 Ga. App. 199 (1) (228 SE2d 189) (1976).

4. Applying the law to the facts in this case, the summons and notice issued by the juvenile court in this case put appellee and his parent on notice that an adjudicatory hearing was set for June 29. See *In the Interest of L. A. E.*, supra at 265 Ga. 698, wherein an identical summons and notice was used[3] and an adjudicatory hearing was held. The June 29 hearing was held and was within the statutory period. OCGA § 15-11-26 (a). However, although the hearing scheduled was

---

[2] Notwithstanding the lack of statutory speedy trial rights in juvenile proceedings, constitutional speedy trial rights still apply in such proceedings. *In re Gault*, 387 U. S. 1 (87 SC 1428, 18 LE2d 527) (1967). Cf. *In the Interest of S. L. H.*, 205 Ga. App. 278, 280 (422 SE2d 43) (1992) (four judges), cited as authority in *In the Interest of M. B.*, 217 Ga. App. 660, 662 (458 SE2d 864) (1995).

[3] This case involves the same juvenile court and juvenile court judge.

an adjudicatory hearing, appellee contends the hearing actually conducted was not an adjudicatory hearing for purposes of OCGA § 15-11-26 (a).

The record establishes that an adjudicatory hearing was scheduled and a hearing was held on the scheduled date; that an arraignment was conducted at the beginning of the hearing; that appellee then requested legal representation and was found eligible to receive same; and that a continuance was granted so appellee could secure counsel. See OCGA § 15-11-30 (b). What might have ensued had the continuance not been granted cannot be ascertained on appeal because appellee did not include in the record before this Court a transcript of that hearing. Compare *L. A. E.*, supra at 265 Ga. 698 (review of transcript of hearing revealed true nature of hearing conducted by juvenile court). In the absence of a transcript, there is only appellee's bare, unsupported contention that an adjudicatory hearing would not have been held even had the juvenile court not granted a continuance to appellee.

Although appellee points to the juvenile court's order, which reflects that an arraignment was conducted, the conducting of an arraignment is not inconsistent with an adjudicatory hearing. See Uniform Juvenile Court Rule 10.3, which contemplates that an arraignment proceeding may substitute as the "adjudicatory" hearing in those instances in which the child admits the charges. Furthermore, as demonstrated in *L. A. E.*, supra at 265 Ga. 698, hearings conducted pursuant to the summons and notice in issue in this case can properly be expanded to include more matters other than adjudicatory proceedings.

As movant, appellee had the responsibility to present sufficient evidence in support of his motion to dismiss. See generally *Stiles v. State*, 264 Ga. 446 (3) (448 SE2d 172) (1994). In the absence of a transcript, appellee has failed to establish that OCGA § 15-11-26 (a) was violated. See *Irvin v. Dept. of Human Resources*, 159 Ga. App. 101 (1) (282 SE2d 664) (1981). Therefore, dismissal of the delinquency petition was error.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., and Sears, J., who concur in the judgment only and Carley, J., who concurs specially.*

CARLEY, Justice, concurring specially.

OCGA § 15-11-26 (a) provides that, after a delinquency petition has been filed, the juvenile

> court shall fix a time for hearing thereon, which, if the child is in detention, shall not be later than ten days after the filing of the petition. In the event the child is not in deten-

tion, the court shall fix a time for hearing thereon which shall be not later than 60 days from the date of the filing of the petition.

In this case, R. D. F., who was not in detention, moved to dismiss the delinquency petition that had been filed against him, urging a non-compliance with OCGA § 15-11-26 (a). The juvenile court granted R. D. F.'s motion and the Court of Appeals affirmed, "[s]ince the 60-day limit of OCGA § 15-11-26 (a) is jurisdictional and must be strictly observed. . . ." *In the Interest of R. D. F.*, 216 Ga. App. 563, 564 (455 SE2d 77) (1995). Certiorari was granted and a majority of this Court now reverses the Court of Appeals. I concur in that judgment of reversal. However, my analysis of why the judgment of the Court of Appeals must be reversed differs from that of the majority.

I agree with Division 1, wherein the majority holds that the only mandate of OCGA § 15-11-26 (a) is that the juvenile court "fix" the hearing on the delinquency petition for a date which is within the applicable ten- or sixty-day period. "[T]he adjudicatory hearing must be set for a time not later than that prescribed by the statute." *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406, 408 (229 SE2d 66) (1976). Once a timely hearing has been set, however, there is no further statutory requirement that the hearing actually be held on the date that was set. "[I]f a hearing is set within the statutory time limit, the court may in its discretion grant a continuance." *Sanchez v. Walker County Dept. of Family &c. Svcs.*, supra at 408. Thus, in order to comply with OCGA § 15-11-26 (a), the juvenile court need only perform the administrative act of setting a timely hearing on the delinquency petition and, consequently, the juvenile court's non-compliance therewith can be demonstrated only by its failure to perform that administrative act.

I also agree with that portion of Division 2 holding that there is no distinction between cases involving juveniles who are in detention and those who are not and that both sentences of OCGA § 15-11-26 (a) must, therefore, be construed consistently. However, I do not agree with the majority's ultimate conclusion in Division 2 that both sentences of the statute are to be construed as establishing a mandatory juvenile court procedure. Although *Sanchez* does support that conclusion, I believe that, in this regard, *Sanchez* was wrongly decided.

In support of its holding that the juvenile court's compliance with OCGA § 15-11-26 (a) is mandatory, this Court in *Sanchez* cited with approval four Court of Appeals cases. Under the rationale of those cases, OCGA § 15-11-26 (a) establishes a mandatory procedure because it functions in juvenile proceedings as the procedural equivalent of a criminal speedy trial statute and, where our General

Assembly "has defined the right to speedy trial . . . , then the time limits must be strictly complied with. . . . [T]he only available remedy for one denied his . . . right to a speedy trial is dismissal." *J. B. H. v. State of Ga.*, 139 Ga. App. 199, 203 (1) (228 SE2d 189) (1976). However, the obvious focus of a criminal speedy trial statute is upon the timeliness of the criminal trial itself and, as previously discussed, OCGA § 15-11-26 (a) clearly does not purport to require that the hearing on the delinquency petition actually be held within any specified time. That statute requires only that the hearing be "fixed" for a date within the applicable ten- or sixty-day period. Compare OCGA § 17-7-170 (b) (mandating that a criminal defendant be *tried* when the demand is made or at the next succeeding regular term thereafter. . . ." (Emphasis supplied.)) There is, of course, a fundamental distinction between a requirement that the juvenile court merely set a hearing for a date within a specified time period and a requirement that the juvenile court actually conduct a hearing on a date within a specified time period. Thus, OCGA § 15-11-26 (a) is not analogous to a criminal speedy trial statute and the very premise of those opinions of the Court of Appeals with which *Sanchez* expressed agreement that the statute establishes a mandatory procedure is, therefore, erroneous. It follows that the issue for resolution is whether the juvenile court's compliance with OCGA § 15-11-26 (a), which requires only that a hearing be "fixed" for, rather than held by, a specified date, is nevertheless as mandatory as a state or superior court's compliance with the non-analogous criminal speedy trial provisions of OCGA § 17-7-170.

In resolving this issue, the applicable rule of statutory construction is that language which mandates the doing of a thing within a specified time,

> when not accompanied by any negative words restraining the doing of the thing afterward, will generally be construed as merely directory and not as a limitation of authority, and this is especially so where no injury appeared to have resulted from the fact that the thing was done after the time limited by the plain wording of the Act. [Cits.]

*Barton v. Atkinson*, 228 Ga. 733, 739 (1) (187 SE2d 835) (1972). In OCGA § 15-11-26 (a), there are no "negative words" which prohibit the juvenile court from setting the hearing for a date beyond the ten- or sixty-day period. Compare OCGA § 17-7-170 (b) (mandating that the criminal defendant "shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation. . . ."). A juvenile whose hearing is set for a date beyond the ten- or sixty-day period is not injured by that non-compliance with OCGA § 15-11-26 (a),

since the juvenile is otherwise fully protected by the constitutional right to a speedy trial. " 'The States, of course, are free to prescribe a reasonable period consistent with constitutional standards. . . .' " *J. B. H. v. State of Ga.*, supra at 203 (1). However, unless and until the General Assembly enacts a speedy trial statute applicable in this state's juvenile proceedings, juveniles are limited to invoking their constitutional right to a speedy trial. In my opinion, *Sanchez* erroneously accepted the Court of Appeals' construction of OCGA § 15-11-26 (a) as the juvenile court equivalent of such a state criminal speedy trial statute and, based upon that premise, *Sanchez* erroneously concluded that the statute establishes a mandatory procedure.

Although Division 2 of the majority opinion accepts *Sanchez's* conclusion that OCGA § 15-11-26 (a) establishes a mandatory juvenile court procedure, the majority ultimately rejects the premise upon which that conclusion was based. In Division 3, the majority concludes that OCGA § 15-11-26 (a) is not the functional equivalent of a criminal speedy trial statute so that a non-compliance therewith results in a dismissal with prejudice and disapproves "any interpretation of *Sanchez* to the contrary." However, *Sanchez's* conclusion that OCGA § 15-11-26 (a) establishes a mandatory juvenile court procedure is based upon the premise that that statute is the functional equivalent of a criminal speedy trial statute. As the cases cited with approval in *Sanchez* implicitly hold, when OCGA § 15-11-26 (a) is construed as the juvenile court equivalent of a criminal speedy trial statute, it is both jurisdictional and mandatory and a non-compliance therewith mandates a dismissal with prejudice. *J. B. H. v. State of Ga.*, supra at 203 (1) (citing *Strunk v. United States*, 412 U. S. 434 (93 SC 2260, 37 LE2d 56) (1973)); *E. S. v. State of Ga.*, 134 Ga. App. 724 (1) (215 SE2d 732) (1975) (citing OCGA § 17-7-170). Compare *Sanchez v. Walker County Dept. of Family &c. Svcs.*, supra at 411 (holding that a non-compliance with the provisions of OCGA §§ 15-11-19 (a) and 15-11-21 (c) will result in a dismissal without prejudice). Unlike the majority, I believe that the disapproval of the premise upon which *Sanchez* proceeded must necessarily result in a disapproval of *Sanchez's* conclusion. Having rejected *Sanchez's* premise that OCGA § 15-11-26 (a) is the functional equivalent of a criminal speedy trial statute, I also would reject *Sanchez's* conclusion that compliance with that statute is mandatory. The procedural requirement of OCGA § 15-11-26 (a) that a hearing on a delinquency petition merely be set for, rather than actually held by, a date within a specified time period is non-jurisdictional and directory.

Accordingly, I would hold that it is immaterial whether R. D. F.'s hearing was set for a date within the 60-day time period established by OCGA § 15-11-26 (a). The statutory requirement that the hearing be set for a date within that 60-day time period is directory, rather

than mandatory. A non-compliance with the directory statutory time limits established by OCGA § 15-11-26 (a) affords R. D. F. no relief whatsoever. See *Barton v. Atkinson,* supra; *Middleton v. Moody,* 216 Ga. 237, 240 (2) (115 SE2d 567) (1960); *O'Neal v. Spencer,* 203 Ga. 588 (2) (47 SE2d 646) (1948). R. D. F.'s sole remedy for an alleged failure to afford him a timely hearing on his delinquency petition is a motion to dismiss predicated upon his constitutional right to a speedy trial.

> *In re Gault,* 387 U. S. 1 (87 SC 1428, 18 LE2d 527) [(1967)] required that in appropriate situations the same constitutional standards apply to juveniles as to adults. In *Barker v. Wingo,* 407 U. S. 514 (92 SC 2182, 33 LE2d 101) [(1972)] the Supreme Court adopted a four-factor test for adjudging whether or not the constitutional right to a speedy trial has been violated. These four factors apply to adult criminal defendants in Georgia. [Cit.]

*J. B. H. v. State of Ga.,* supra at 203 (1). Since there is no contention that those four factors are present here, R. D. F.'s motion to dismiss should have been denied. For this reason, I concur in the reversal of the Court of Appeals' affirmance of the grant of R. D. F.'s motion to dismiss.

DECIDED JANUARY 29, 1996 —
RECONSIDERATION DENIED MARCH 1, 1996.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Bradley J. Boyd, Assistant District Attorneys,* for appellant.
*Wilma E. Espy,* for appellee.